1 | Ekwan E. Rhow - State Bar No. 174604
|     eer@birdmarella.com
2 | Timothy B. Yoo - State Bar No. 254332
|     tby@birdmarella.com
3 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
| DROOKS, LINCENBERG & RHOW, P.C.
4 | 1875 Century Park East, 23rd Floor
| Los Angeles, California 90067-2561
5 | Telephone: (310) 201-2100
| Facsimile: (310) 201-2110
6 |
7 | Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., | CASE NO. 2:15-cv-01650-SVW-FFM |
| Plaintiff, | **DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES** |
| vs. | |
| CJ E&M, INC., a Korean corporation; CJ E&M AMERICA, INC., a California corporation, | Assigned to Hon. Stephen V. Wilson |
| Defendants. | |

Defendants CJ E&M Corporation ("CJ E&M") and CJ E&M America, Inc. ("CJ E&M America") (collectively "Defendants"), through undersigned counsel, hereby respond to the allegations in plaintiff's complaint ("Complaint") and assert affirmative defenses, as follows:

## ANSWER TO COMPLAINT

1. Defendants deny the allegations contained in ¶ 1 of the Complaint.

2. Defendants deny the allegations contained in ¶ 2 of the Complaint, and CJ E&M admits only that it has provided certain sound recordings to the Beats Music service.

3. Defendants deny the allegations contained in ¶ 3 of the Complaint.

4. Defendants deny the allegations contained in ¶ 4 of the Complaint.

5. Defendants admit that through the Complaint, plaintiff appears to seek damages, an injunction, costs and fees.

6. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6 of the Complaint.

7. CJ E&M admits that it is a corporation under the laws of the Republic of Korea, with its principal place of business in Seoul, Korea.

8. CJ E&M America admits that it is a California corporation with its principal place of business in Los Angeles, California.

9. Defendants deny the allegations contained in ¶ 9 of the Complaint.

10. Defendants deny the allegations contained in ¶ 10 of the Complaint, and admit only that Defendants have not contested personal jurisdiction in this District.

11. Defendants deny the allegations contained in ¶ 11 of the Complaint.

12. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of the Complaint.

13. Defendants deny the allegations contained in ¶ 13 of the Complaint.

14. Defendants deny having any knowledge or information sufficient to

form a belief as to the truth of the allegations in ¶ 14 of the Complaint.

15.  Defendants deny the allegations contained in ¶ 15 of the Complaint, and admit only that Exhibit 1 to the Complaint appears to contain a list of 303 sound recordings.

16.  Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16 of the Complaint.

17.  Defendants deny the allegations contained in ¶ 17 of the Complaint.

18.  Defendants deny the allegations contained in ¶ 18 of the Complaint, and admit only that International Standard Recording Codes are identifiers for sound recordings that consist of 12 characters.

19.  Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19 of the Complaint, and on that basis deny the same, except that Defendants admit that the International Federation of the Phonographic Industry is in London.

20.  Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20 of the Complaint, and on that basis deny the same.

21.  Defendants deny the allegations contained in ¶ 21 of the Complaint.

22.  Defendants admit that the Beats Music service is a streaming music service for which consumers pay a fee to access and that Beats Music pays royalties according to the popularity of the songs.

23.  Defendants admit that Beats is available to consumers in the United States but not in Korea.

24.  Defendants deny the allegations contained in ¶ 24 of the Complaint, and admit only that distributors or licensees of music can provide songs to Beats through MediaNet Digital, Inc., a Delaware corporation that has an office in Los Angeles, California.

25.  Defendants deny the allegations contained in ¶ 25 of the Complaint,

1  and CJ E&M admits only that since around 2014 it has provided certain sound
2  recordings to Beats, including the nineteen sound recordings by Swallow and
3  Rhymebus listed on the last two pages of Exhibit 2 to the Complaint.
4      26.    Defendants deny the allegations contained in ¶ 26 of the Complaint.
5      27.    Defendants deny the allegations contained in ¶ 27 of the Complaint.
6      28.    Defendants deny the allegations contained in ¶ 28 of the Complaint.
7      29.    Defendants deny the allegations contained in ¶ 29 of the Complaint,
8  and admit only that in August 2012, the Seoul Central District Court in Korea
9  entered a final judgment against CJ E&M, requiring it to pay 50,000,000 KRW to
10 plaintiff.
11     30.    CJ E&M admits that it administers and is responsible for the website,
12 www.mnet.com, which sells Korean pop music.
13     31.    Defendants deny the allegations contained in ¶ 31 of the Complaint,
14 and CJ E&M admits only that the log-in portions of www.mnet.com are maintained
15 through Akami Technologies.
16     32.    Defendants deny the allegations contained in ¶ 32 of the Complaint.
17     33.    Defendants deny the allegations contained in ¶ 33 of the Complaint.
18     34.    Defendants deny having any knowledge or information sufficient to
19 form a belief as to the truth of the allegations in ¶ 34 of the Complaint, and on that
20 basis deny the same..
21     35.    CJ E&M admits that www.mnet.com's terms of service request
22 subscribers to provide a physical address.
23     36.    Defendants deny having any knowledge or information sufficient to
24 form a belief as to the truth of the allegations in ¶ 36 of the Complaint, and on that
25 basis deny the same.
26     37.    Defendants deny the allegations contained in ¶ 37 of the Complaint.
27     38.    Defendants deny the allegations contained in ¶ 38 of the Complaint.
28     39.    Defendants deny the allegations contained in ¶ 39 of the Complaint.

|   |   |
|---|---|
| 1 | 40.   Defendants incorporate by reference the contents of paragraphs 1-39 as if fully set forth herein. |
| 3 | 41.   Defendants deny the allegations contained in ¶ 41 of the Complaint. |
| 4 | 42.   Defendants deny the allegations contained in ¶ 42 of the Complaint. |

40.   Defendants incorporate by reference the contents of paragraphs 1-39 as if fully set forth herein.

41.   Defendants deny the allegations contained in ¶ 41 of the Complaint.

42.   Defendants deny the allegations contained in ¶ 42 of the Complaint.

43.   Defendants deny the allegations contained in ¶ 43 of the Complaint.

44.   Defendants deny the allegations contained in ¶ 44 of the Complaint.

45.   Defendants deny the allegations contained in ¶ 45 of the Complaint.

46.   Defendants deny the allegations contained in ¶ 46 of the Complaint.

47.   Defendants deny the allegations contained in ¶ 47 of the Complaint.

48.   Defendants deny the allegations contained in ¶ 48 of the Complaint.

49.   Defendants incorporate by reference the contents of paragraphs 1-48 as if fully set forth herein.

50.   Defendants deny the allegations contained in ¶ 50 of the Complaint.

51.   Defendants deny the allegations contained in ¶ 51 of the Complaint.

52.   Defendants deny the allegations contained in ¶ 52 of the Complaint.

53.   Defendants deny the allegations contained in ¶ 53 of the Complaint.

54.   Defendants deny the allegations contained in ¶ 54 of the Complaint.

55.   Defendants deny the allegations contained in ¶ 55 of the Complaint.

### AS TO ALLEGATIONS IN PRAYER FOR RELIEF

56.   Defendants deny the allegations contained in ¶ 1 (and each of its subparts) of the Prayer for Relief, and contend that plaintiff is not entitled to any relief sought therein.

57.   Defendants deny the allegations contained in ¶ 2 (and each of its subparts) of the Prayer for Relief, and contend that plaintiff is not entitled to any relief sought therein.

58.   Defendants deny the allegations contained in ¶ 3 of the Prayer for Relief, and contend that plaintiff is not entitled to any relief sought therein.

# AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the plaintiff's Complaint, Defendants without conceding that it bears the burden of proof as to any of them, and without in any way admitting any of the allegations in the Complaint, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

59. The plaintiff's Complaint and its purported causes of action fail to state a cause of action on which relief can be granted, and fail to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands / Failure to Do Equity)

60. The plaintiff is barred in equity and law from claiming or recovering any relief set forth in the Complaint and its purported causes of action due to its conduct and the conduct of its agents, attorneys and representatives.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

61. The plaintiff's Complaint and its purported causes of action are barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

62. The plaintiff is estopped from asserting any claim for relief against Defendants with respect to the matters which are the subject of the Complaint and its purported causes of action.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

63. The plaintiff's Complaint and its purported causes of action are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

64. The plaintiff's Complaint and its purported causes of action are barred in whole or in part because plaintiff lacks standing to sue.

## SEVENTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

65. The plaintiff's Complaint and its purported causes of action are barred in whole or in part because of the doctrine of copyright misuse.

## EIGHTH AFFIRMATIVE DEFENSE

### (License/Authorized Use)

66. The plaintiff's Complaint and its purported causes of action are barred, in whole or in part, because CJ E&M had a license to the works.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

67. The plaintiff's Complaint and its purported causes of action are barred, in whole or in part, by the plaintiff's failure to establish any loss, injury or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

68. The plaintiff's Complaint and its purported causes of action are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Excessive Damages)

69. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE
## (Waiver/Release)

70. Plaintiff's claims are barred because it has waived and/or released them.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (*Res Judicata*)

71. The plaintiff's Complaint and its purported causes of action are barred, in whole or in part, by the doctrine of *res judicata*.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Bad Faith)

72. The plaintiff's Complaint and its purported causes of action are barred, in whole or in part, because they were filed and are maintained in bad faith.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Safe Harbor)

73. The plaintiff's Complaint and its purported causes of action are barred under the Digital Millennium Copyright Act 17 U.S.C. § 512.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Attorneys' Fees and Costs Unavailable)

74. The plaintiff's Complaint and its purported causes of action fail to allege facts sufficient to support a claim for attorneys' fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (No Factual Basis for Enhanced Damages)

75. The plaintiff's Complaint and its purported causes of action fail to allege facts sufficient to support a claim for enhanced damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Statute of Frauds)

76. The plaintiff's Complaint and its purported causes of action are barred under the statute of frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

77. Defendants reserve the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## **PRAYER**

WHEREFORE, Defendants pray as follows:

a. That the plaintiff takes nothing by way of its Complaint;

b. That judgment be entered in favor of Defendants, and against the plaintiff, as to the plaintiff's Complaint and its purported causes of action;

c. That Defendants be awarded its costs of suit and attorneys' fees herein; and

d. That the Court grant Defendants whatever other relief it deems appropriate.

DATED: June 19, 2015

Ekwan E. Rhow
Timothy B. Yoo
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:     /s/ Timothy B. Yoo
           Timothy B. Yoo
      Attorneys for Defendants