1
2
3
4
5
6
7                  UNITED STATES DISTRICT COURT
8                 CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., a Korean corporation<br><br>          Plaintiff,<br><br>          vs.<br><br>CJ E&M, INC., a Korean corporation;<br>CJ E&M AMERICA, INC., a California corporation | Case No. 2:15-cv-01650-SVW-FFMx<br> STIPULATED PROTECTIVE<br> ORDER |

        On consideration of the Stipulation for Protection of Confidential Materials submitted by plaintiff DFSB Kollective Co., Ltd., ("Plaintiff") and defendants CJ E&M, Inc. and CJ E&M America, Inc. (collectively, "Defendants,") subject to the approval of this Court, and for the reasons set forth below, and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery,

        IT IS THEREFORE ORDERED THAT:

1.          A.          <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this

1   Order does not confer blanket protections on all disclosures or responses to

2   discovery and that the protection it affords from public disclosure and use extends

3   only to the limited information or items that are entitled to confidential treatment

4   under the applicable legal principles.  The parties further acknowledge, as set forth

5   in Section 20.3, below, that this Stipulated Protective Order does not entitle them to

6   file confidential information under seal; Civil Local Rule 79-5 sets forth the

7   procedures that must be followed and the standards that will be applied when a party

8   seeks permission from the court to file material under seal.

9       B. GOOD CAUSE STATEMENT

10     This action is likely to involve trade secrets and other valuable commercial

11   and/or proprietary information for which special protection from public disclosure

12   and from use for any purpose other than prosecution of this action is warranted.

13   Such confidential and proprietary materials and information consist of, among other

14   things, confidential business or financial information, information regarding

15   confidential business practices, or other confidential commercial information,

16   information otherwise generally unavailable to the public, or which may be

17   privileged or otherwise protected from disclosure under state or federal statutes,

18   court rules, case decisions, or common law.  Accordingly, to expedite the flow of

19   information, to facilitate the prompt resolution of disputes over confidentiality of

20   discovery materials, to adequately protect information the parties are entitled to keep

21   confidential, to ensure that the parties are permitted reasonable necessary uses of

22   such material in preparation for and in the conduct of trial, to address their handling

23   at the end of the litigation, and serve the ends of justice, a protective order for such

24   information is justified in this matter.  It is the intent of the parties that information

25   will not be designated as confidential for tactical reasons and that nothing be so

26   designated without a good faith belief that it has been maintained in a confidential,

27   non-public manner, and there is good cause why it should not be part of the public

28   record of this case.

564834.1

2:15-cv-01650-SVW-FFM

STIPULATED PROTECTIVE ORDER

2.    DEFINITIONS

2.1    Action: *DFSB Kollective Co. Ltd. v. CJ E&M, Inc. & CJ E&M America, Inc.,* 2:15-cv-01650-SVW-FFM (C.D. Cal.)

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement and further outlined below in section 5.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEY'S EYES ONLY," or "CONFIDENTIAL-AEO"

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO."

2.15   <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

/ / /

/ / /

4.     DURATION

       This Protective Order is intended to regulate the disclosure and handling of all "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" information during the pendency of this action, with the exception of evidence introduced at trial, which will be presumptively available to all members of the public unless the designating party offers compelling reasons to proceed otherwise.  Prior to trial, the parties will meet and confer in order to determine which, if any, exhibits should be sealed.  If the parties cannot reach agreement regarding the confidentiality of an exhibit, the Designating Party may file a motion to seal.  This order shall remain in full force and effect and survive the termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.  This Order may be amended by agreement of the parties in the form of a stipulation for Court approval that shall be filed in this action.

5.     DESIGNATING PROTECTED MATERIAL

       5.1     "CONFIDENTIAL" Information Defined.  "CONFIDENTIAL" information is any information, testimony, answers, documents, or other discovery materials of a non-public scientific, technical, competitive, marketing or financial information that a Producing Party believes in good faith should not be disclosed to the general public.

       5.2     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –AEO" Information Defined.  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" information is any information, testimony, answers, documents, or other discovery materials of an allegedly confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or competitively sensitive data, customer lists, business, product or

1 marketing plans, product testing results, cost data, pricing information, internal
2 training materials, and nonpublic financial data.  Copies of "CONFIDENTIAL,"
3 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO"
4 information, and the documents prepared by an Expert or consultant that incorporate
5 or reveal such information, shall be subject to the same treatment hereunder as are
6 the original documents or information produced.

7     5.3     Exercise of Restraint and Care in Designating Material for Protection.

8     Each Party or Non-Party that designates information or items for protection
9 under this Order must take care to limit any such designation to specific material
10 that qualifies under the appropriate standards.  The Designating Party must
11 designate for protection only those parts of material, documents, items, or oral or
12 written communications that qualify so that other portions of the material,
13 documents, items, or communications for which protection is not warranted are not
14 swept unjustifiably within the ambit of this Order.

15     Mass, indiscriminate, or routinized designations are prohibited.  Designations
16 that are shown to be clearly unjustified or that have been made for an improper
17 purpose (*e.g.*, to unnecessarily encumber the case development process or to impose
18 unnecessary expenses and burdens on other parties) may expose the Designating
19 Party to sanctions.

20     If it comes to a Designating Party's attention that information or items that it
21 designated for protection do not qualify for protection, that Designating Party must
22 promptly notify all other Parties that it is withdrawing the inapplicable designation.

23     5.4     Manner and Timing of Designations.  Except as otherwise provided in
24 this Order (*see, e.g.*, second paragraph of section 5.4(a) below), or as otherwise
25 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
26 under this Order must be clearly so designated before the material is disclosed or
27 produced.

28     Designation in conformity with this Order requires:

564834.1

2:15-cv-01650-SVW-FFM

STIPULATED PROTECTIVE ORDER

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or within ten calendar days of receipt of the transcript.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

or "CONFIDENTIAL – AEO."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5     <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.6     <u>No Waiver or Admission.</u>  The designation of, or failure to designate, any document, deposition, exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL – AEO" is only intended solely to facilitate preparation for trial, and treatment in conformity with such designation or non-designation will not be construed in any way as an admission or agreement that the designated document or information does contain or constitute, or does not contain or does not constitute, any trade secret or confidential information in contemplation of law.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating

1  Party has waived or withdrawn the confidentiality designation, all parties shall
2  continue to afford the material in question the level of protection to which it is
3  entitled under the Producing Party's designation until the Court rules on the
4  challenge.
5  7.     ACCESS TO AND USE OF PROTECTED MATERIAL
6      7.1   Basic Principles. A Receiving Party may use Protected Material that is
7  disclosed or produced by another Party or by a Non-Party in connection with this
8  Action only for prosecuting, defending, or attempting to settle this Action.  Such
9  Protected Material may be disclosed only to the categories of persons and under the
10  conditions described in this Order.  When the Action has been terminated, a
11  Receiving Party must comply with the provisions of section 21 below (FINAL
12  DISPOSITION).
13      Protected Material must be stored and maintained by a Receiving Party at a
14  location and in a secure manner that ensures that access is limited to the persons
15  authorized under this Order.
16      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless
17  otherwise ordered by the court or permitted in writing by the Designating Party, a
18  Receiving Party may disclose any information or item designated
19  "CONFIDENTIAL" only to:
20      (a)   the Receiving Party's Outside Counsel of Record in this Action
21  and persons working solely in secretarial, clerical, paralegal, and litigation support
22  capacities and who are assisting those attorneys in this Action;
23      (b)   the officers, directors, and employees of the Receiving Party to
24  whom disclosure is reasonably necessary for this Action;
25      (c)   qualified persons taking testimony involving such documents or
26  information and necessary stenographic and clerical personnel thereof;
27      (d)   independent consultants, such as professional jury or trial
28  consultants, mock jurors, and Professional Vendors, or Experts (as defined in this

Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     any person to whom the Designating Party agrees in writing or as ordered by the Court;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" only to a person under 7.2(a) or (c)-(i) above.

/ / /

/ / /

8.     USE OF CONFIDENTIAL INFORMATION AT COURT PROCEEDINGS

     Any Court hearing that refers to or describes "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" information may, in the Court's discretion, be held *in camera*, out of the presence of all unqualified persons, and any transcript or portion thereof relating thereto shall, subject to the Court's approval, be designated and sealed.  The disclosing party may request that the proceeding be conducted *in camera*.  Notwithstanding the designations, any Court hearing or other Court proceeding which refers to or describes such information may, in the Court's discretion, be held in open court without affecting the confidentiality of such information, and any sealed records referenced or described in such hearing or proceeding shall remain sealed.

9.     INFORMATION IN PUBLIC DOMAIN OR OTHERWISE NOT RESTRICTED BY THIS ORDER

     Counsel for a receiving party shall have the right to assert that any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" is, in fact, in the public domain and, therefore, is not restricted by this Order.  This Order shall not be construed to apply to any information, which prior to disclosure hereunder, is: (a) lawfully in the possession or knowledge of a receiving party or person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information; (b) public knowledge through no fault of the receiving party or, after disclosure, becomes public knowledge other than through an act or omission of a party or person receiving the information; (c) lawfully obtained by a party or its counsel from a third party having the right to disclose such information; or (d) developed independently by a party as evidence in preexisting written form. A receiving party asserting that designated information is in the public domain or is otherwise not restricted by this Order for one or more of the reasons set forth above shall prior to any disclosure (outside of the parameters of this Order) of such

information previously designated as "CONFIDENTIAL," "CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO," either obtain written
approval of the Designating Party, or the approval of the Court to make such
disclosure.

10.     NO WAIVER

        The failure to designate information in accordance with this Order or the
failure to object to a designation at a given time shall not preclude the granting of a
request at a later date seeking to impose a designation or challenge a designation.
The procedures set forth herein shall not relieve a party of the necessity of proper
response to discovery.

11.     JURISDICTION OF COURT

        The Court retains jurisdiction to enforce the provisions of this Order and to
make such amendments, modifications, and additions as the Court may from time-
to-time deem appropriate.

12.     TRANSFER

        In the event that this action is transferred to another jurisdiction or venue for
further proceedings, this Stipulation and Order will remain in full force and effect.

13.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this Action as
"CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
"CONFIDENTIAL – AEO," that Party must:

        (a)     promptly notify in writing the Designating Party.  Such
notification shall include a copy of the subpoena or court order;

        (b)     promptly notify in writing the party who caused the subpoena or
order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

14.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

/ / /

/ / /

1       (1)    promptly notify in writing the Requesting Party and the Non-

2  Party that some or all of the information requested is subject to a confidentiality

3  agreement with a Non-Party;

4       (2)    promptly provide the Non-Party with a copy of the Stipulated

5  Protective Order in this Action, the relevant discovery request(s), and a reasonably

6  specific description of the information requested; and

7       (3)    make the information requested available for inspection by the

8  Non-Party, if requested.

9       (c)    If the Non-Party fails to seek a protective order from this court

10  within 14 days of receiving the notice and accompanying information, the Receiving

11  Party may produce the Non-Party's confidential information responsive to the

12  discovery request. If the Non-Party timely seeks a protective order, the Receiving

13  Party shall not produce any information in its possession or control that is subject to

14  the confidentiality agreement with the Non-Party before a determination by the

15  court. Absent a court order to the contrary, the Non-Party shall bear the burden and

16  expense of seeking protection in this court of its Protected Material.

17  15.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19  Protected Material to any person or in any circumstance not authorized under this

20  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

21  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

22  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

23  persons to whom unauthorized disclosures were made of all the terms of this Order,

24  and (d) request such person or persons to execute the "Acknowledgment and

25  Agreement to Be Bound" that is attached hereto as Exhibit A.

26  / / /

27  / / /

28  / / /

564834.1

STIPULATED PROTECTIVE ORDER

16. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

18. RENDERING ADVICE TO CLIENTS

Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to their client with respect to this litigation and, in the course of rendering advice, referring or relying generally on the examination of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with the client, counsel shall not disclose the contents of any "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" information produced by another party if that disclosure would violate the terms of this Order.

19. NO PROBATIVE VALUE

The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

20. MISCELLANEOUS

20.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

20.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

20.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

20.4   Privilege Log.  The parties are not required to include on any privilege log documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") dated on or after March 6, 2015 (the "cut-off date").  In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log.

20.5   Communications Between Expert and People Employed by Expert. The parties agree that communications between any Expert and people employed by that Expert in connection with this Action will be treated as privileged and will not be produced.

21.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

22.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

-

-

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  October 8, 2015

<u>/S/ FREDERICK F. MUMM</u>

United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,       [print or type full name], of [print or type full address], declare under penalty of perjury  that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *DFSB Kollective Co. Ltd. v. CJ E&M, Inc. & CJ E&M America, Inc.,* 2:15-cv-01650-SVW-FFM (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:

City and State where sworn and signed:

Printed name:

Signature:

STIPULATED PROTECTIVE ORDER