BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
Andrew A. August (State Bar No. 112851)
Jonathan L. Gottfried (State Bar No. 282301)
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

LIM, RUGER & KIM, LLP
Bryan K. Sheldon (State Bar No.116219)
Lisa J. Yang (State Bar No. 208971)
1055 W. Seventh Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Attorneys for Plaintiff
DFSB Kollective Co. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., a Korean corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CJ E&M, INC., a Korean corporation; CJ E&M AMERICA, INC., a California corporation,<br><br>　　　　Defendant.<br>_____ | Case No. 2:15-cv-01650-SVW-FFM<br><br>**DISCOVERY MATTER:**<br><br>**JOINT STIPULATION RE: PLAINTIFF DFSB KOLLECTIVE CO. LTD.'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL" AND FOR FEES & COSTS INCURRED IN BRINGING THIS MOTION**<br><br>Magistrate: Hon. Frederick Mumm<br>Date: January 12, 2016<br>Time: 10:00 a.m.<br>Crtrm.: 580<br><br>Pre-Trial Conference: Feb. 22, 2016<br>Trial Date: March 1, 2016<br>Discovery Cut-Off Date: Feb. 1, 2016 |

584881.1

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET
DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2.1, Plaintiff DFSB Kollective Co. Ltd. ("DFSB"), as movant, and Defendants CJ E&M and CJ E&M America, Inc. (collectively, "CJ E&M"), as respondents, hereby submit this Joint Stipulation concerning DFSB's motion to compel re-designations of defendants' document productions. Pursuant to Local Rule 37-2, this Joint Stipulation was prepared following the parties' conference of counsel, which initially took place on November 9, 2015. The hearing on DFSB's motion will take place on January 12, 2016 at 10:00 a.m., or as soon thereafter as it may be heard, before the Honorable Frederick F. Mumm, United States Magistrate Judge, in Courtroom 580 of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street, Los Angeles, California 90012.

## I. INTRODUCTORY STATEMENTS

### A. DFSB's Introductory Statement

The Court should: (1) order CJ E&M to re-designate their production to, at most, "confidential" within three days of the Court's ruling, and (2) award costs and fees to DFSB related to this motion.

Under the stipulated protective order (Dkt. No. 34), the parties may designate discovery as "confidential" or "confidential—attorney's eyes only." "Confidential information" is defined as:

> any information, testimony, answers, documents, or other discovery materials of a non-public scientific, technical, competitive, marketing or financial information that a Producing Party believes in good faith should not be disclosed to the general public.

*Id.* ¶ 5.1. "Confidential—attorney's eyes only" information is defined as:

> discovery materials of an allegedly confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or competitively sensitive data, customer lists, business, product or marketing plans, product testing results, cost data, pricing information, internal training materials, and nonpublic financial data.

*Id*. ¶ 5.2.  The primary difference between these two designations is that "confidential—attorney's eyes only" may *not* be shown to "officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action."  (*Id*. ¶ 7.3)

The protective order is clear that each party must be careful about designating information as either "confidential" or "confidential—attorney's eyes only" :

> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.
>
> Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

*Id*. ¶ 5.3.  The protective order further emphasizes that "[i]t is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case."  *Id*. ¶ 1. The burden of persuasion for such designations is on the designating party.  *Id*. ¶ 6.3.

Defendants have produced over 12,500 pages—over 90% of which have been designated "attorney's eyes only."  These have included:

- Emails arranging the timing of conference calls
- Pages containing only the phrase "CJ E&M"
- A map of a conference center in Los Angeles.

584881.1

-2-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

1 • Email exchanges from at least a year ago with a music service that will close in January 2016.[1]

Although defendants have justified their designations on the ground that the plaintiff is a "purported competitor" to defendants, their designations involve information that cannot reasonably be characterized as trade secrets or competitively sensitive information that would damage CJ E&M if disclosed to plaintiff. Even if defendants could identify information that is sensitive, a designation of "confidential" would suffice because it would ensure that the information is only used for purposes of this litigation and cannot be publicly disclosed.

Consequently, the Court should order CJ E&M to: (1) re-designate their production to, at most, "confidential" within three days of the Court's ruling, and (2) pay costs and fees associated to DFSB for pursuing this motion.

### B. CJ E&M's Introductory Statement

The Court should deny DFSB's motion because: (1) CJ E&M's documents concern sensitive business information that is squarely protected by the Parties' stipulated protective order; (2) DFSB does not identify with specificity which documents it contends are incorrectly designated; and (3) despite CJ E&M's good-faith designations, it has made best efforts to accommodate DFSB's requests. As such, the court should award CJ E&M's attorney's fees and costs in opposing this motion.

CJ E&M and DFSB, (collectively, "Parties") entered into a stipulated protective order affording protection to sensitive business information:

> Confidential – Attorneys' Eyes Only" information is defined as "any information . . . allegedly confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could

---

[1] This is a sample of the thousands of pages of documents that have been designated as "attorney's eyes only." The burden is on defendants to justify their designation of each page.

be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or *competitively sensitive data, customer lists, business, product or marketing plans, product testing results, cost data, pricing information, internal training materials, and nonpublic financial data*.

(Dkt. No. 34 [Section 5.2 (emphasis added)].)

Here, DFSB is a competitor of CJ E&M in the licensing and distribution of Korean music both in the U.S. insofar as it asserts in its own Complaint that it has "exclusive licenses to reproduce, distribute, publicly perform and publicly display in the United States numerous works of Korean pop music . . . ." (Dkt. No. 1.) It further, purports to distribute Korean sound recordings through various services in the U.S., such as YouTube, Apple Music, Apple iTunes Store, and Deezer. Given that commercial distribution of songs in the U.S. is directly at issue in this litigation, CJ E&M's relevant documents pertain to term sheets, marketing strategy, and other sensitive information arising out of business relationships with third-party entities. In many of those relationships with third parties, CJ E&M is bound by a contractual obligation to maintain the confidentiality of the third parties' sensitive information.

Thus, in an effort to provide a complete disclosure of its documents for the purposes of the instant action while protecting against a direct competitor gaining an unfair advantage by becoming privy to such sensitive information, CJ E&M has in good faith designated on a case-by-case basis its documents as "Attorneys' Eyes Only." Furthermore, CJ E&M has made best efforts to accommodate and cooperate with DFSB's requests and has asked it to specify which documents were at issue. Instead of receiving a response to that offer, CJ E&M instead received a copy of the instant motion from DFSB requesting a complete de-designation of all of CJ E&M's production.

Thus, the Court should deny DFSB's motion and award CJ E&M costs associated with defending this motion.

584881.1

-4-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

## II. ARGUMENTS

### A. DFSB's Position

#### 1. Background

On October 28, 2015, defendants produced 215 documents totaling 1847 pages. 100% of this production was designated the equivalent of "confidential—attorney's eyes only." On October 30, 2015, plaintiff's counsel objected to these indiscriminate designations and asked that defendants re-designate within seven days. (Declaration of Jonathan Gottfried ("Gottfried Decl.") Ex. 1) On November 6, defense counsel responded that plaintiff was "a purported competitor" who would improperly exploit the "nonpublic, sensitive communications" in defendants' production. (*Id.* Ex. 2) On November 9, the parties conferred in order to resolve their differences. After that conversation, defense counsel agreed to review the production in order to determine whether to re-designate any documents. (*Id.*) No re-designations were made.

On December 3, 2015, defendants produced an additional 1,940 documents totaling 10,680 pages. Over 90% of these pages were designated the equivalent of "confidential—attorney's eyes only." On December 7, 2015, plaintiff's counsel objected to this mass designation and indicated his intent to file this motion with the Court.

#### 2. Defendants failed to abide by the protective order's requirement to "take care to limit any such designation to specific material that qualifies under the appropriate standards."

The Court's protective order requires that, before designating any discovery as "confidential" or confidential—attorney's eyes only," a party must: (1) have "a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case," and (2) avoid "[m]ass, indiscriminate, or routinized designations." (Dkt. No. 34 ¶¶ 1, 5.3) These measures serve important purposes. As one court explained:

> While umbrella orders provide a mechanism for the court to resolve discovery disputes concerning confidential designations without the need for document-by-document adjudication of all production, they do not relieve the parties of their burden to consider vigilantly the need for protection of each document. The utility of this approach is eviscerated when parties liberally over-designate in the first instance, thereby postponing rather than eliminating the need for close judicial scrutiny and ultimately "delaying rather than expediting the litigation."

*Minter v. Wells Fargo Bank, N.A.*, No. CIV WMN-07-3442, 2010 WL 5418910, at *3 (D. Md. Dec. 23, 2010) (quoting Manual for Complex Litigation § 11.432 (4th ed. 2010)) (sanctioning party that "indiscriminately designated more than 52,000 documents produced in discovery as 'confidential' in violation of their 'good faith' burden under the Confidentiality Order").

The harms of over-designation are well-known:

> Many courts have held that the indiscriminate use of an AEO designation poses "a significant handicap on the restricted litigant" because "[d]iscovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant." *Arvco Container Corp. v. Weyerhaeuser,* No. 1:08–cv–548, 2009 WL 311125, at *6 (W.D.Mich. Feb. 9, 2009). In addition, "courts cannot ignore the fact that ninety-eight percent of cases are not tried, but are resolved in mediation and other settlement methods." *Id.* Consequently, "it is difficult, and perhaps impossible, for an attorney to counsel a client to compromise or even abandon a case on the basis of information kept secret from the client." *Id. See also K & M Int'l, Inc. v. NDY Toy*, L.L.C., No. 1:13CV771, 2015 WL 520969 (N.D. Ohio Feb. 9, 2015) (noting that preventing counsel from sharing and discussing discovery with their client "creates a substantial impediment" to the client's "ability to prepare and litigate" the claim).

*Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (ordering removal of "highly confidential" designations because "[i]t is difficult to believe that 95% of the documents produced in a court-ordered forensic examination of Procaps' electronically stored information ('ESI') are all actually worthy of the 'highly confidential' designation.").

Because "attorney's eyes only" is the most restrictive designation, "[w]hen this type of designation is challenged, the party seeking to uphold the designation … 'must describe the alleged harm it will suffer from any disclosure 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements.' " *Procaps S.A.*, 2015 WL 4430955, at *6 (quoting *Penn, LLC v. Prosper Bus. Devel. Corp.*, No. 2:10–cv–0993, 2012 WL 5948363 (S.D. Ohio Nov. 28, 2012)).

Where—as here—a party has designated almost the entirety of its production as "attorney's eyes only," courts have found that this high percentage, by itself, justifies the conclusion that the party engaged in a blanket designation in bad faith. *See, e.g., THK Am., Inc. v. NSK Co. Ltd.,* 157 F.R.D. 637, 645 (N.D. Ill.1993) (79% is "absurdly high"); *In re Ullico Inc.,* 237 F.R.D. 314, 317–18 (D.D.C .2006) (99% designation rate was a "gross[ ] abuse[ ]" of the designation, was done in bad faith and was a "flagrant unwarranted designation" which "unfairly burdened" the opposing party). *See generally Healthtrio, LLC v. Aetna, Inc.,* No. 12–cv–03229, 2014 WL 6886923 (D. Col. Dec. 5, 2014) (90% designation rate is "an absurd number" which is "made all the more absurd by Defendants' failure to designate a single document as Confidential but not [AEO]," a scenario which caused the Court to conclude that Defendants "acted in bad faith by indiscriminately designating nearly their entire production" as AEO).

Defendants' argument that they must conceal almost every document from the eyes of plaintiff is unwarranted.  If defendants designated the documents as "confidential" (as opposed to "attorney's eyes only"), plaintiff would be prevented from publicly disclosing the information and could only use the information "for prosecuting, defending, or attempting to settle this Action."  (Dkt. No. 34 ¶ 7.1) Furthermore, defendants are enormous media conglomerates; and the notion that plaintiff (a company with less than ten employees) will improperly use confidential information to undermine defendants' position in the market is meritless.

Consequently, the Court should order defendants to re-designate the entirety of their production to, at most, "confidential" within three days of the Court's ruling.

584881.1

-7-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

### 3. The Court Should Award Reasonable Costs, Including Attorney's Fees, to DFSB.

The Court should order defendants to pay $3,000 in costs and fees to DFSB in connection with its filing of this motion. Under the Court's protective order, "[m]ass, indiscriminate, or routinized designations…may expose the Designating Party to sanctions." (Dkt. No. 34 ¶ 5.3) Furthermore, the "failure to obey a protective order's prohibition against indiscriminate designations is covered by Rule 37" and its fee-shifting presumption in favor of the party prevailing on a motion to compel. *Del Campo v. Am. Corrective Counseling Serv., Inc.*, No. C–01–21151, 2007 WL 3306496, at *4 (N.D. Cal., Nov. 6, 2007).[2]

Because defendants have engaged in indiscriminate designations—and have maintained those designations despite objections by plaintiff's counsel—the Court should order defendants to pay the costs and fees of DFSB's counsel in association with this motion. Those amount to $3,000. (Gottfried Decl. ¶ 5) *See Minter*, 2010 WL 5418910, at *7 ("In recognition that defendants failed to conduct a 'good faith' review required under the Confidentiality Order, thereby undermining the utility of the umbrella protective order and requiring the plaintiffs to file the subject motion, the Court awards reasonable costs, including attorney's fees, against defendants in the amount of $10,000 pursuant to Rule 37(a)(5). Fed.R.Civ.P. 37; *see* Manual for Complex Litigation § 11.432 (4th ed. 2004) ('[t]he designation of a document as confidential should be viewed as equivalent to a motion for a protective order and

---

[2] Even if defendants belatedly acknowledge their improper designations, fee-shifting is still warranted. *See Del Campo,* 2007 WL 3306496, at *4 (explaining that a party's "belated recognition" that the designation could not be supported "does not render its behavior substantially justified and does nothing to undermine the justification for sanctions"); *Paradigm Alliance*, 248 F.R.D. at 605 (explaining that party's argument that it "fixed things" brought to its attention "is an inadequate response" because the duty of good faith in the protective order is a "duty to review the documents in good faith before designating them as AEO") (emphasis in original by Court).

subject to the sanctions of Federal Rule of Civil Procedure 37(a)(5), as provided by Rule 26(c)').").

### B. CJ E&M's Position

#### 1. CJ E&M's Productions Concern Sensitive Business Information that Is Protected by Parties' Stipulated Protective Order.

CJ E&M's documents designated the equivalent of "Attorneys' Eyes Only" concern sensitive business materials that fall within the scope of Parties' stipulated protective order:

> Confidential – Attorneys' Eyes Only" information is defined as "any information . . . allegedly confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or *competitively sensitive data, customer lists, business, product or marketing plans, product testing results, cost data, pricing information, internal training materials, and nonpublic financial data*.

(Dkt. No. 34 [Section 5.2 (emphasis added)].) This is consistent with Rule 26 of the Federal Rules of Civil Procedure, which states in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or *commercial information* not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c) (emphasis added).

The documents here contain negotiations of deals, sensitive marketing information, and the coordination of business and marketing strategies with contractual partners. These documents require protection to prevent the competitive harm that would occur if they fell into the hands of a direct competitor. The unmitigated disclosure of such information would "harm [CJ E&M's] competitive standing," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), because it would educate its competitors as to how they "conduct [their] business

and what [their] future plans are." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 162 (N.D. Cal. 1992).

For instance, the production contains sensitive pricing information, such as an internal deal memo between CJ E&M and a third-party detailing the services to be provided, renewal terms, fees, and the complete pricing model. (Declaration of Timothy Yoo ("Yoo Decl."), Ex. A.) The production also contains sensitive marketing communications between CJ E&M and its business partner, Beats Music, regarding the streaming of Korean songs on a major subscription service pursuant to a curation agreement. These communications detail the launch of the service, how to best provide users access to songs, the prioritization of music playlists for use on a mobile devices, what and where advertising will be done, the rate of delivery of music files, and internet server IP data. (*Id.* Exs. B, C, D, E.) This information meets the standard articulated by the protective order and would very well "cause significant competitive harm" to CJ E&M if disclosed to competitors. This standard applies regardless of the likelihood of an improper disclosure. Rather, it is the content of the information that determines the level of protection.

Disclosure to a competitor, such as DFSB, could significantly harm CJ E&M if DFSB, for instance, used the information to undercut CJ E&M's position in business negotiations with U.S. companies who provide streaming services. Specifically, Beats Music is now part of Apple, Inc., a juggernaut in the tech industry. By gaining inside information of deal terms, marketing strategy, and logistics, DFSB would gain a competitive boost in current and future negotiations with Beats Music/Apple.

Furthermore, this disclosure could also put the relationship between CJ E&M and its other business partners at risk. And in fact, CJ E&M is bound by contractual confidentiality obligations to third parties regarding sensitive information it receives pursuant to those contracts. That third-party confidential information includes information from Beats Music, which has not waived its claims of the highest

confidentiality regarding communications between it and CJ E&M.  (Yoo Decl., ¶ 3.)

Conversely, DFSB does not articulate a reason why it needs personal access to the documents.  It is a competitor of CJ E&M in a limited market of licensing Korean music in the U.S.  In fact, DFSB fails to identify specific documents at issue that it is disputing and requests a de-designatation *en masse*.  CJ E&M's designations squarely protect documents and discussions as outlined in the stipulated protective order.  Thus, CJ E&M respectfully requests that the Court deny DFSB's motion.

## 2. CJ E&M Designations Were Made In Good Faith

As discussed above, CJ E&M's production consist of sensitive business information that merit the protection and designation of "Attorneys' Eyes Only."  The documents concern negotiations of deals, sensitive marketing information, and the coordination of a business strategy with a business partner.  (Yoo Decl. Exs. A-F.)  Thus, the designations were neither indiscriminate nor done in bad faith.

Moreover, CJ E&M has consistently made efforts to cooperate with opposing counsel regarding its discovery obligations.  Upon receiving DFSB's December 7, 2015 meet-and-confer letter, CJ E&M stated the following:

> Still, our desire is to avoid if at all possible any unnecessary discovery disputes. To assist us in re-evaluating our designations, can you identify the Bates ranges for which you find the designations problematic?  Hopefully, we can resolve this issue informally, but if not, we will send you our portion of the joint stipulation by no later than Monday, December 14.

(Yoo Decl. Ex. G [December 10, 2015 Response to DFSB's Meet-and-confer Letter].)  CJ E&M has yet to receive a response to that proposal.  Thus, the Court should deny DFSB's motion on that basis.

To be sure, CJ E&M remains willing to reconsider its challenged designations provided that DFSB identify specific Bates ranges which it asserts are problematic.

584881.1

-11-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

### 3. **Should award us costs for a frivolous motion**

CJ E&M has incurred attorney fees in opposing DFSB's motion to compel. Pursuant to Fed R. Civ. P. 37(a)(5)(B), this court has the authority to award CJ E&M its reasonable attorney fees. DFSB's motion is unjustified and without merit (and, at a minimum, premature) and this Court should award CJ E&M its attorney fees incurred in opposing its motion.

DATED: December 17, 2015

Keith Wesley
Andrew A. August
Jonathan Gottfried
BROWNE GEORGE ROSS LLP

Bryan K. Sheldon
Lisa J. Yang
LIM, RUGER & KIM, LLP

By: ___/s/ Jonathan Gottfried___
Jonathan Gottfried
Attorneys for Plaintiff DFSB Kollective Co. Ltd.

DATED: December 17, 2015

Ekwan E. Rhow
Timothy B. Yoo
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: ___/s/ Timothy B. Yoo___
Timothy B. Yoo
Attorneys for Defendants CJ E&M America, Inc. & CJ E&M Corporation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

584881.1

-12-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On December 17, 2015, I served true copies of the following document(s) described as **DISCOVERY MATTER: JOINT STIPULATION RE: PLAINTIFF DFSB KOLLECTIVE CO. LTD.'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL" AND FOR FEES & COSTS INCURRED IN BRINGING THIS MOTION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2015, at Los Angeles, California.

/s/ Lynne Burns
Lynne Burns

584881.1

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"

# SERVICE LIST

*DFSB KOLLECTIVE, CO. LTD., v. CJ E&M, INC., et al.*
**USDC Case No. 2:15-cv-01650-SVW-FFM**

| | |
|---|---|
| Ekwan E. Rhow<br>Timothy B. Yoo<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile:  (310) 201-2110<br>eer@birdmarella.com<br>tbv@birdmarella.com | Attorneys for Defendants<br>CJ E&M, Inc. and<br>CJ E&M America, Inc. |

584881.1

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO REMOVE BLANKET DESIGNATION OF PRODUCTION AS "HIGHLY CONFIDENTIAL"