BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
Andrew A. August (State Bar No. 112851)
Jonathan L. Gottfried (State Bar No. 282301)
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

LIM, RUGER & KIM, LLP
Bryan K. Sheldon (State Bar No.116219)
Lisa J. Yang (State Bar No. 208971)
1055 W. Seventh Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Attorneys for Plaintiff
DFSB Kollective Co. Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD., a Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CJ E&M, INC., a Korean corporation; CJ E&M AMERICA, INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-01650-SVW-FFM<br><br>**DISCOVERY MATTER:**<br><br>**JOINT STIPULATION RE: PLAINTIFF DFSB KOLLECTIVE CO. LTD.'S MOTION TO COMPEL CJ E&M, INC. TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28**<br><br>Magistrate:  Hon. Frederick Mumm<br>Date:  January 26, 2016<br>Time:  10:00 a.m.<br>Crtrm.:  580<br><br>Pre-Trial Conference: Feb. 22, 2016<br>Trial Date: March 1, 2016<br>Discovery Cut-Off Date: Feb. 1. 2016 |

588988.1

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL CJ E&M INC. TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2.1, Plaintiff DFSB Kollective Co. Ltd. ("DFSB"), as movant, and Defendant CJ E&M, Inc. ("CJ E&M"), as respondent, hereby submit this Joint Stipulation concerning DFSB's motion to compel defendant to produce additional portions of code associated with www.mnet.com in response to plaintiff's RFP No. 28. Pursuant to Local Rule 37-2, this Joint Stipulation was prepared following the parties' conference of counsel, which initially took place on December 16, 2015. The hearing on DFSB's motion will take place on January 26, 2016 at 10:00 a.m., or as soon thereafter as it may be heard, before the Honorable Frederick F. Mumm, United States Magistrate Judge, in Courtroom 580 of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street, Los Angeles, California 90012.

## I. INTRODUCTORY STATEMENTS

### A. DFSB's Introductory Statement

In this lawsuit for copyright infringement, plaintiff DFSB alleges that defendant CJ E&M, through its website mnet.com, made available within the United States over 300 sound recordings to which DFSB—not CJ E&M—had the exclusive distribution right within the United States. (Compl. (Dkt. No. 1) ¶ 3) In September 2015, DFSB served RFP No. 28, which requested computer code related to mnet.com. CJ E&M initially refused to produce any code; but, after meet-and-confers among counsel, CJ E&M produced certain portions of code related to overseas users' ability to access mnet.com. Nonetheless, CJ E&M's production remained incomplete. The code produced by CJ E&M referred to other portions of code relevant to accessing mnet.com from abroad, which CJ E&M did not produce despite multiple requests from plaintiff's counsel.

Consequently, the Court should order CJ E&M to produce within two days of the Court's order:

588988.1

-1-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28

- The source code for the stored procedure named UP_IPCHK_UR_CHK. This includes all versions of code that have been operative, written or modified at any time since March 2012.
- All databases of IP addresses (and/or IP address ranges) accessed or used in any way by the stored procedure named UP_IPCHK_UR_CHK. This includes all versions of the databases since March 2012.
- The source code for the website http://papi.mnet.com/geoip/. This includes all versions of code that have been operative, written or modified at any time since March 2012.
- The web server log files for www.mnet.com since March 2012.

### B. CJ E&M's Introductory Statement

The Court should deny DFSB's motion because CJ E&M has already agreed to produce the requested materials that are within its possession, custody, or control. DFSB's primary grievance is that CJ E&M is not providing such information at the pace that DFSB expects. However, DFSB is requesting complex server data that cannot be easily ascertained, which data was managed by personnel that were unavailable in the intervening time, and thus CJ E&M simply requires more time to produce the requested code to the extent it is in CJ E&M's possession, custody, and control. In other words, CJ E&M is not withholding the material: it will produce what it has in short order.

## II. ARGUMENTS

### A. DFSB's Position

#### 1. The Court Should Order CJ E&M to Produce the Requested Material.

Plaintiff's Complaint alleges the following:

[W]ithout DFSB Kollective's permission, CJ E&M, via its website www.mnet.com, made available in the United States for distribution and/or distributed to people within the United States over 300 works to which DFSB Kollective—not CJ E&M—has the exclusive right to distribute within the United States….CJ E&M is aware whether a customer who purchases music through Mnet is from the United States;

1  and CJ E&M makes it easy for U.S. consumers to download music from its site.

(Compl. (Dkt. No. 1) ¶¶ 3, 32)  In order to pursue discovery on this allegation, DFSB served the following document request:

**REQUEST FOR PRODUCTION NO. 28:**

All versions of source code, server-side scripts, web-page code and supporting commands for www.mnet.com. This request seeks all versions of code, scripts and commands that have been operative or written or modified at any time since March 2012.

(Declaration of Jonathan Gottfried ("Gottfried Decl."), Ex. 1)  CJ E&M responded as follows:

CJ E&M repeats and incorporates by reference each of its General Objections. In addition to and without waiving the General Objections, CJ E&M objects to this Request on the following grounds:

This Request is vague, overbroad, and unduly burdensome insofar as it seeks "all versions of source-code, server-side scripts, web-page code and supporting commands for www.mnet.com" since March 2012.

CJ E&M further objects to the extent that this Request seeks documents protected by the attorney–client privilege, work product doctrine, joint defense privilege, common interest doctrine, and/or any other applicable statutory or common law privilege or protection.

CJ E&M also objects to the extent that this Request seeks sensitive, proprietary information of CJ E&M's, the disclosure of which could be harmful to CJ E&M's business.

CJ E&M is nevertheless willing to meet and confer regarding the scope of this request.

(*Id.*, Ex. 2)  Shortly after receiving this response, plaintiff's counsel began meeting and conferring with defense counsel.  (*Id.*, Exs. 3-5) As a result of these communications, CJ E&M produced portions of the code for www.mnet.com.  (*Id.* ¶ 6)

But the code produced by CJ E&M was incomplete for the following reasons:

- Portions of the code referred to a procedure named UP_IPCHK-UR_CHK, which related to determining overseas access.  But CJ E&M did not produce the code for this procedure.

- The procedure named UP_IPCHK-UR_CHK accessed a database of IP addresses in order to determine whether someone was located abroad. But CJ E&M did not produce that database.
- The code used a CJ E&M website, http://papi.mnet.com/geoip, in connection with determining overseas access. But CJ E&M did not produce the code in connection with that site.
- The web server log files for mnet.com would enable DFSB to determine whether users from the United States were accessing mnet.com. But CJ E&M did not produce those files.

On December 16, plaintiff's counsel asked defense counsel to produce these items no later than December 21. (Gottfried Decl. Ex. 6)  Not receiving a response, plaintiff's counsel again asked defense counsel on December 23 to produce the requested documents, explaining that "[t]his code is necessary for our expert's report due on January 4." *Id*. Ex. 7.  Defense counsel responded that he was looking into the issue (Ex. 8) but CJ E&M has not produced the requested material. CJ E&M has never disputed the relevance of the material and has provided no reason for declining to produce the requested material.

Consequently, the Court should compel CJ E&M to produce the requested material within two days of the Court's order.

### B. CJ E&M's Position

#### 1. CJ E&M Has Agreed to Produce the Requested Material that Are in Its Possession, Custody, or Control.

CJ E&M has made efforts – and continues to make efforts – to comply in good faith with its obligations to produce DFSB's requested materials.  CJ E&M has already agreed to produce any ESI that is no longer within their possession, custody, or control as a result of the routine, good-faith operation of an electronic information system.  What DFSB complains about is the speed at which CJ E&M is gathering and producing the data.  DFSB's requests are not simple word documents that can

be pulled and produced. What DFSB is requesting is structured data from live servers that are in operation 24 hours a day. The Sedona Conference, the leading think-tank regarding e-discovery and ESI, notes the complexity of handling structured data:

> Data form proprietary systems, databases, and other voluminous structured data systems (such as complex accounting systems or systems hosted by a third party) are difficult to produce in usable form. Without the user interface and reporting functionality, the underlying data is meaningless and/or not accessible by other software . . . . *Often cooperation is the only way to produce usable discoverable information*.

The Sedona Conference, *Cooperation Guidance for Litigators & In-House Counsel*, (Richard G. Bartman, et al. eds, Mar. 2011).

Here, DFSB is requesting data that is complex and complicated to extract and knows that such information takes time – it is not the colloquial "drag-and-drop." DFSB also knows that CJ E&M's internal IT department must be consulted, and the gathering of such data must be coordinated due to the fact that these are live servers that are constantly in use. What is already a time consuming process has been further compounded by the time difference between California and Korea, where the client and servers are located, and the recently observed holidays.

As such, there is no need for the Court to compel CJ E&M to produce documents that it has already agreed to do so. DFSB need only accept what it already knows -- that the ESI they seek, specifically structured data from servers, requires time and effort to extract and produce. In other words, CJ E&M is not refusing to produce any of the requested materials. Rather, they have agreed to and will produce what they have in their control, consistent with their discovery obligations.

/ / /

/ / /

/ / /

DATED: January 5, 2016

Keith Wesley
Andrew A. August
Jonathan Gottfried
BROWNE GEORGE ROSS LLP

Bryan K. Sheldon
Lisa J. Yang
LIM, RUGER & KIM, LLP

By: /s/ Jonathan Gottfried
 Jonathan Gottfried
 Attorneys for Plaintiff DFSB Kollective Co. Ltd.

DATED: January 5, 2016

Ekwan E. Rhow
Timothy B. Yoo
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: /s/ Timothy B. Yoo
 Timothy B. Yoo
 Attorneys for Defendants CJ E&M America, Inc. & CJ E&M Corporation

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

588988.1

-6-

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On January 5, 2016, I served true copies of the following document(s) described as **DISCOVERY MATTER: JOINT STIPULATION RE: PLAINTIFF DFSB KOLLECTIVE CO. LTD.'S MOTION TO COMPEL CJ E&M, INC. TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 5, 2016, at Los Angeles, California.

/s/ Lynne Burns
Lynne Burns

588988.1

# SERVICE LIST

### *DFSB KOLLECTIVE, CO. LTD., v. CJ E&M, INC., et al.*
### USDC Case No. 2:15-cv-01650-SVW-FFM

| | |
|---|---|
| Ekwan E. Rhow<br>Timothy B. Yoo<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile:  (310) 201-2110<br>eer@birdmarella.com<br>tby@birdmarella.com | Attorneys for Defendants<br>CJ E&M, Inc. and<br>CJ E&M America, Inc. |

588988.1

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE ADDITIONAL PORTIONS OF CODE IN RESPONSE TO RFP NO. 28