BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
Jonathan L. Gottfried (State Bar No. 282301)
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

LIM, RUGER & KIM, LLP
Bryan K. Sheldon (State Bar No.116219)
Lisa J. Yang (State Bar No. 208971)
1055 W. Seventh Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Attorneys for Plaintiff
DFSB Kollective Co. Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

DFSB KOLLECTIVE CO. LTD., a Korean corporation,

Plaintiff,

vs.

CJ E&M, INC., a Korean corporation; CJ E&M AMERICA, INC., a California corporation,

Defendants.

Case No. 2:15-cv-01650-SVW-FFM
The Hon. Stephen V. Wilson

**DISCOVERY MATTER:**

**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER COMPELLING DEFENDANT CJ E&M TO PRODUCE ENTIRETY OF COMPUTER CODE, SCRIPTS & COMMANDS FOR MNET.COM**

*[Declaration of Jonathan Gottfried and Proposed Order Filed Concurrently Filed Herewith]*

Magistrate: Hon. Frederick Mumm

Pre-Trial Conference: Feb. 22, 2016
Trial Date: March 1, 2016
Discovery Cut-Off Date: Feb. 1, 2016

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff DFSB Kollective Co. Ltd. will and hereby does apply to the Court *ex parte* for an Order requiring defendant CJ E&M to produce, within three calendar days of the Court's order, all versions of source code, server-side scripts, web-page code and supporting commands for www.mnet.com, which have been operative or written since March 2012. The production would be subject to the Court's protective order as well as the following additional precautions:

- only the plaintiff's computer expert and his assistants will have access to the source code;
- the computer the expert installs the software on will be in a protected environment where only the expert and his assistants can access it;
- the computer the expert installs the software on will not be connected to the Internet; and
- the expert will not make any printed copies of the software.

The location of the review by defendant's expert would not be limited to defense counsel's office. The expert would be allowed to analyze the code on a computer of his own that satisfies the above requirements.

*Ex parte* relief is necessary because trial begins on March 1 and the parties have repeatedly tried and failed to reach a mutually satisfactory resolution to this dispute, which involves evidence central to this case. Moreover, the parties are in the midst of expert discovery, and the code is key to the conclusions of plaintiff's computer expert. To prevent further delay, the Court should consider the requested relief on an expedited basis.

On January 15, 2016 at approximately 10:10 AM, Plaintiff's counsel provided notice via telephonic voicemail of his intention to file this application to counsel for defendants, Emerson Kim of Bird, Marella, Boxes, Wolpert, Nessim, Drooks,

Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561, (310) 201-2100, ekim@birdmarella.com. As of the time of filing this motion, plaintiff's counsel had not spoken with defense counsel.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan Gottfried, the files in this action, and all other matters properly presented to the Court prior to its ruling.

Dated: January 15, 2016

Keith Wesley
Andrew A. August
Jonathan Gottfried
BROWNE GEORGE ROSS LLP

Bryan K. Sheldon
Lisa J. Yang
LIM. RUGER & KIM. LLP

Bv: /s/ Jonathan Gottfried
Jonathan Gottfried
Attorneys for Plaintiff DFSB Kollective Co. Ltd.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully applies *ex parte* for an Order requiring defendant CJ E&M to produce, within three calendar days of the Court's order, all versions of source code, server-side scripts, web-page code and supporting commands for www.mnet.com, which have been operative or written since March 2012.

In this lawsuit for copyright infringement, plaintiff DFSB alleges that defendant CJ E&M, through its website mnet.com, made available within the United States over 300 sound recordings to which DFSB—not CJ E&M—had the exclusive distribution right within the United States. (Compl. (Dkt. No. 1) ¶ 3.) Defendants contest this claim. They assert that "[p]ersons located in the U.S. should not have been able to purchase music content from the mnet.com website at any point after March 6, 2012…." (Dkt. No. 43-5 ¶ 4.)

In September 2015, DFSB served RFP No. 28 on defendant CJ E&M, which requested computer code related to mnet.com. CJ E&M initially refused to produce any code; but, after numerous meet-and-confers among counsel, CJ E&M produced, in stages, portions of code related to mnet.com. Defendant's last production occurred on January 5—at which time it was clear that defendant's piecemeal production was inadequate. As plaintiff's computer expert explained:

> The source code that has been provided is only a portion of the code that implements the mnet.com website. Therefore, it is impossible to know (1) whether there is additional code that preempts the code that has been provided, allowing visitors from outside Korea to access the site, and (2) whether the code provided is even executed (or, if it is executed, at what stage of a user's visit it is executed). In particular not a single web page has been provided, making it impossible to track the steps taken for each visitor. As detailed in my report of December 2, I have been an expert in numerous cases. This is the only one that I can recall in which I have received such limited portions of code and asked to make conclusions regarding an entire website. To fully understand how foreign IP addresses are handled, the entirety of the source code since March 2012 is essential, together with all server-side scripts, web-page code and supporting commands for mnet.com.

(Ex. 9 ¶¶ 5-6.)[1]

In light of trial that is scheduled to commence on March 1, the Court should compel defendant CJ E&M to produce the requested material within three calendar days of the Court's order.

## II. BACKGROUND

Plaintiff's Complaint alleges the following:

> [W]ithout DFSB Kollective's permission, CJ E&M, via its website www.mnet.com, made available in the United States for distribution and/or distributed to people within the United States over 300 works to which DFSB Kollective—not CJ E&M—has the exclusive right to distribute within the United States….CJ E&M is aware whether a customer who purchases music through Mnet is from the United States; and CJ E&M makes it easy for U.S. consumers to download music from its site.

(Compl. (Dkt. No. 1) ¶¶ 3, 32.) In order to pursue discovery on this allegation, DFSB served the following document request in late September:

> **REQUEST FOR PRODUCTION NO. 28:**
>
> All versions of source code, server-side scripts, web-page code and supporting commands for www.mnet.com. This request seeks all versions of code, scripts and commands that have been operative or written or modified at any time since March 2012.

(Ex. 1.)

CJ E&M responded as follows in early November:

> CJ E&M repeats and incorporates by reference each of its General Objections. In addition to and without waiving the General Objections, CJ E&M objects to this Request on the following grounds:
>
> This Request is vague, overbroad, and unduly burdensome insofar as it seeks "all versions of source-code, server-side scripts, web-page code and supporting commands for www.mnet.com" since March 2012.
>
> CJ E&M further objects to the extent that this Request seeks documents protected by the attorney–client privilege, work product doctrine, joint defense privilege, common interest doctrine, and/or any other applicable statutory or common law privilege or protection.
>
> CJ E&M also objects to the extent that this Request seeks sensitive,

[1] Unless otherwise indicated, all exhibits are attached to the accompanying Declaration of Jonathan Gottfried ("Gottfried Decl.").

> proprietary information of CJ E&M's, the disclosure of which could be harmful to CJ E&M's business.
>
> CJ E&M is nevertheless willing to meet and confer regarding the scope of this request.

(Ex. 2.)

Shortly after receiving this response, plaintiff's counsel began meeting and conferring with defense counsel. (Exs. 3-5.) Plaintiff agreed to the following precautions—in addition to those in the Court's protective order (Dkt. No. 34)—in order to address defendants' concerns regarding confidentiality:

- only the plaintiff's computer expert and his assistants will have access to the source code;
- the computer the expert installs the software on will be in a protected environment where only the expert and his assistants can access it;
- the computer the expert installs the software on will not be connected to the Internet;
- the expert will not make any printed copies of the software.

(Ex. 6.)

As a result of these communications, CJ E&M produced portions of the code for www.mnet.com; but defendant refused to produce the entirety of the code. (Gottfried Decl. ¶ 6.) After plaintiff moved to compel production of additional files in early January (Dkt. No. 53), defendant CJ E&M produced, or agreed to produce, additional, discrete portions of code.[2] (Gottfried Decl. ¶ 7.) What defendant's later production made clear, however, was that piecemeal discovery on code was inadequate. As plaintiff's counsel explained to defense counsel on January 7:

> Now that our expert has had a chance to review the portions of code, it is clear that we will—as originally requested—need all versions of

---

[2] Plaintiff's counsel was informed by defense counsel that the last of these items—the log files—would be produced by January 18, at which point plaintiff will withdraw its prior motion to compel (Dkt. No. 52). (Gottfried Decl. ¶ 7.)

> source code, server-side scripts, web-page code and supporting commands for www.mnet.com. Given the limited code provided by CJ E&M, it is impossible to know: (1) whether the code provided is even executed, and (2) whether there is additional code that preempts the code that has been provided, allowing visitors from outside Korea to access the site. In particular not a single web page has been provided, making it impossible to track the steps taken for each visitor.

(Ex. 6.)

Defense counsel responded with various objections, including that CJ E&M had concluded that the cost of producing the code outweighed its benefits to the case. (Ex. 7.) Defense counsel nonetheless proposed that CJ E&M might be willing to produce the code in 2.5 weeks (*i.e.,* less than one month before trial) on a laptop in defense counsel's firm. *Id.* There was no reason offered for this delay. In response, plaintiff's counsel agreed to limit the location of the expert's review to defense counsel's firm and to require the expert to review the items on a laptop (on which the expert could use his own software to analyze the code), but plaintiff's counsel objected to waiting 2.5 weeks. *Id.* Given the immediacy of trial and the time-consuming task of reviewing large portions of code, plaintiff's counsel asked that the code be produced in a week. *Id.*

After waiting two days for a response—and after informing defense counsel that plaintiff would move *ex parte* if the parties could not resolve their differences—plaintiff filed this motion.

## III. <u>ARGUMENT</u>

The requested code is relevant to this case. Plaintiff's Complaint alleges that CJ E&M infringed copyrights by distributing unlicensed music to the United States via its website, mnet.com. (Dkt. No. 1, ¶¶ 3, 32.) Defendant disputes this allegation. In its recently filed motion to dismiss, defendant claimed that: "[T]he issues related to distribution through the mnet.com website will focus primarily on whether CJ E&M Corporation's efforts to restrict foreign purchases on the website…were proper and sufficient….CJ E&M has since 2011 implemented an IP

geo-fence such that sound recordings available on the website in Korea are not available for purchase by users accessing the website from the U.S. (with a U.S.-based IP address). Thus, it should not be technically possible, absent some deliberate attempt to evade or bypass the geo-fencing functionality, for U.S.-based users to buy music from the mnet.com website." (Dkt. No. 43 at 5:13-18; 6:17-20.) CJ E&M also submitted a declaration from its system administrator, describing how the mnet.com website purportedly functions. (Dkt. No. 43-5.)

Consequently, the relevance of the code for mnet.com to this case cannot be reasonably disputed. And defendants' cherry-picking of portions of code to produce is inadequate. While defendant is privy to the entirety of the code for the website and is making representations to the Court regarding how the website functions, plaintiff is being given small portions of the code. Plaintiff's computer expert—a professor of computer science and electrical engineering at the University of Southern California who has worked on over a dozen Internet-related cases (including several music piracy cases) in the last four years (Ex. 8)—concluded as follows after reviewing the limited code produced by CJ E&M:

> Since the source code that has been provided is only a portion of the code that implements the mnet.com website, it is impossible to know (1) whether there is additional code that preempts the code that has been provided, allowing visitors from outside Korea to access the site, and (2) whether the code provided is even executed (or, if it is executed, at what stage of a user's visit it is executed). In particular not a single web page has been provided, making it impossible to track the steps taken for each visitor.
>
> As detailed in my report of December 2, I have been an expert in numerous cases. This is the only one that I can recall in which I have received such limited portions of code and asked to make conclusions regarding an entire website. To fully understand how foreign IP addresses are handled, the entirety of the source code since March 2012 is essential, together with all server-side scripts, web-page code and supporting commands for mnet.com.

(Ex. 9 ¶¶ 6-7.) The expert further noted that—contrary to defendant's assertions—the website was not limited to Korean IP addresses but that "[i]n order to understand whether other IP addresses are treated as local to Korea, I would need to review the

items mentioned in the preceding paragraph [*i.e.*, the scripts, code and commands], which I have not received." (*Id.* ¶ 3.)

Plaintiff anticipates several, unpersuasive arguments by defendant in opposition to this application. *First,* the Court should reject defendant's argument that it need only produce whatever portions of code it considers to be relevant. Defendants are making representations regarding how their entire website functions. *See, e.g.*, Dkt. No. 43-5 ¶ 4 ("Persons located in the U.S. should not have been able to purchase music content from the mnet.com website at any point after March 6, 2012…."). Plaintiff should be allowed to contest these representations by viewing the entirety of the code, scripts and commands since March 2012. Furthermore, the parties have already spent months trying defendant's piecemeal approach. As explained above, the lesson was that the code must be viewed in its entirety since it functions as a whole.

*Second,* the Court should reject defendant's argument regarding concerns over confidentiality. Even after plaintiff's counsel agreed to all precautions proposed by defense counsel, defendant CJ E&M still would not agree to produce the requested material.[3] Moreover, defendant has already produced thousands of pages of documents and portions of its code, subject to the protective order, without incident. Defendant's assertion—shortly before trial and near the end of discovery—that additional precautions are needed appears to be little more than a stalling tactic.

---

[3] In order to resolve this dispute without the Court's intervention, plaintiff offered to have the code confined to defense counsel's office and to require plaintiff's expert to only review it there. (Ex. 7.) Defense counsel did not accept this proposal; and there is no reason for this limitation. Consequently, the Court should not require plaintiff's expert to be limited to review in defense counsel's office during their business hours. Given the limited time frame, plaintiff's computer expert—who is a professor—should be able to review the material according to his own schedule and in a secure location of his choosing.

*Third,* if the Court grants plaintiff's motion, the Court should reject any requests by defendant to delay further the production of code, scripts and commands. Plaintiff anticipates that defendant will argue that three days is inadequate to comply with the Court's order. But plaintiff's counsel notified defense counsel on January 7 that he would be seeking an expedited order to compel production (Ex. 6). Furthermore, there will be several days between the filing of this motion and any order. Defendant CJ E&M should not be allowed to do nothing for two weeks to prepare for an order compelling production and then claim that it was caught unaware.

## IV. CONCLUSION

The Court should order defendant CJ E&M to produce, within three calendar days of the Court's order, all versions of source code, server-side scripts, web-page code and supporting commands for www.mnet.com, which have been operative or written since March 2012. The production would be subject to the Court's protective order as well as the following additional precautions:

- only the plaintiff's computer expert and his assistants will have access to the source code;
- the computer the expert installs the software on will be in a protected environment where only the expert and his assistants can access it;
- the computer the expert installs the software on will not be connected to the Internet; and
- the expert will not make any printed copies of the software.

The location of the review by defendant's expert would not be limited to defense counsel's office or their business hours. The expert would be allowed to analyze the code on a computer of his own that satisfies the above requirements.

Respectfully Submitted:

Dated: January 15, 2016

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Jonathan Gottfried

By /s/ Jonathan Gottfried
Jonathan Gottfried
Attorneys for Plaintiff Osama Ahmed Fahmy

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On January 15, 2016, I served true copies of the following document(s) described as **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER COMPELLING DEFENDANT CJ E&M TO PRODUCE ENTIRETY OF COMPUTER CODE, SCRIPTS & COMMANDS FOR MNET.COM** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2016, at Los Angeles, California.

/s/ Kathy Hall
Kathy Hall

**SERVICE LIST**

***DFSB KOLLECTIVE, CO. LTD., v. CJ E&M, INC., et al.***
**USDC Case No. 2:15-cv-01650-SVW-FFM**

Ekwan E. Rhow
Timothy B. Yoo
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
eer@birdmarella.com
tbv@birdmarella.com

Attorneys for Defendants CJ E&M, Inc. and CJ E&M America, Inc.