Ekwan E. Rhow - State Bar No. 174604
    eer@birdmarella.com
Timothy B. Yoo - State Bar No. 254332
    tby@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants
CJ E&M Corporation and CJ E&M
America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DFSB KOLLECTIVE CO. LTD.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CJ E&M, INC., a Korean corporation;<br>CJ E&M AMERICA, INC., a California<br>corporation,<br><br>                    Defendants. | CASE NO: 2:15-cv-01650-SVW-FFM<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER CONTINUING PRE-TRIAL CONFERENCE AND TRIAL DATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Timothy B. Yoo and Proposed Order Submitted Concurrently Herewith]<br><br>Pretrial Conference: 2/22/2016<br>Trial Date: 3/1/2016<br><br>Assigned to Hon. Stephen V. Wilson |

3234764.3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 6(b), and Local Rule 7-19, defendants CJ E&M America, Inc. and CJ E&M Corporation (collectively, "Defendants") hereby apply for an order continuing the pre-trial conference and trial date.

This application is made on the following grounds:

(1) Good cause exists for an order continuing the pre-trial conference and trial date for at least 60 days. Despite the diligent efforts of Defendants to prepare this matter for trial, there is substantial discovery remaining, including the depositions of the 30(b)(6) witnesses for both the Korean Plaintiff and Defendant companies, discovery from non-party witnesses residing in Korea and China, as well as expert discovery (including that of Korean law experts residing in Korea). Should this application be denied, the discovery-related deadlines set for February pursuant to the Court's standing order and Local Rule 16-6.1 do not allow sufficient time for Defendants to complete and resolve all pending discovery issues relating to, among other things: (a) the numerous Korean law issues raised by Plaintiff's expert witness, Mi Hwa Chung, whose report spans hundreds of pages; (b) Plaintiff's pending *ex parte* application to compel Defendants to produce the entirety of the computer code, scripts, and commands for the mnet.com website, which would involve collecting information from numerous databases located in Seoul, Korea; and (c) obtaining trial testimony of several critical non-party Korea-based witnesses through the Hague Convention; (d) Defendants' ability to obtain testimony from Plaintiff's 30(b)(6) witness on certain crucial topics.

(2) In addition to the above, the Court has not yet set a motion cut-off, and Defendants would request a setting of this date and a later trial so that Defendants can file appropriate dispositive motion(s) prior to trial in the interest of efficiency. A later trial date would also permit the parties to participate meaningfully in a private mediation, as the parties have only recently discussed the possibility of trying to

1  resolve the dispute through mediation.

2      (3)    Furthermore, counsel for Defendants, Ekwan E. Rhow and Timothy B.

3  Yoo, have a conflicting trial schedule set to commence on March 9, 2015 in Los

4  Angeles Superior Court in Case No. BC450305, which has been pending over five

5  years.

6      (4)    Parties will not be prejudiced if the order is entered because the

7  requested extension of time is minimal; in fact, continuance will give much needed

8  time for each party to complete discovery and explore the possibility of settlement

9  through mediation.

10     (5)    *Ex parte* relief is appropriate as Defendants will be irreparably

11  prejudiced if their application is not heard on an *ex parte* basis.

12     On January 20, 2016 at approximately 1:40 p.m., Defendants' counsel

13  notified Plaintiff's counsel via telephone about the relief that Defendants intend to

14  seek, as well as the date and substance of the *ex parte* application.  Plaintiff's

15  counsel did not agree to join this application.

16     In support of this application, Defendants submit the following memorandum

17  of points and authorities, the Declaration of and Timothy B. Yoo, pleading and

18  records on file in this case, and on such other matters as the Court may consider.

19

20  DATED:  January 21, 2016          Respectfully submitted,

21

22                                    Ekwan E. Rhow
                                      Timothy B. Yoo
23                                    Bird, Marella, Boxer, Wolpert, Nessim,
                                      Drooks, Lincenberg & Rhow, P.C.
24

25                                    By:    /s/ *Timothy Yoo*
                                                _____
26                                          Timothy B. Yoo
                                      Attorneys for Defendants CJ E&M
27                                    Corporation and CJ E&M America, Inc.

28

3234764.3                                2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Defendants bring this *ex parte* application to continue the trial date and related pre-trial deadlines for a variety of reasons, all of which constitute good cause.

Foremost, there is still substantial discovery to be completed, a vast majority of which needs to be conducted in Korea.  Much of this discovery abuts closely with, or in some instances, post-dates the February 1 deadline for the parties to submit a joint exhibit list to the Court.  For instance, the depositions of Defendant CJ E&M Corporation's 30(b)(6) witnesses are scheduled to occur between January 27-29 in Korea.  Further, Defendants also intend to take the deposition of Plaintiff's 30(b)(6) witness regarding the purported licenses acquired in the songs allegedly distributed through the mnet.com website, and have noticed it for February 1.  (Yoo Decl. ¶ 5.)  This is discovery that has only recently become necessary.

As background, Defendants have always maintained that regardless of who owned the distribution rights to the songs at issue, distribution in the U.S. through mnet.com could not have occurred because Defendants had blocked that functionality on its website, and thus, the ownership of those songs was a moot issue.  Plaintiff, however, in opposition to Defendants' pending motion to dismiss for *forum non conveniens*, submitted on January 4 an as-yet-uncontested declaration from its expert witness claiming that U.S. distribution through the mnet.com website *was* possible, which Defendants dispute.  (Dkt. No. 50-6.)  Nevertheless, it has injected into this dispute the question of who owned the underlying distribution rights to those songs in the first place,[1] and the need to take discovery on that issue.

---

[1]   For clarity, the parties had been disputing the underlying ownership rights for the songs distributed via Beats Music.  For the songs distributed via the mnet.com website, the salient issue had been whether in fact distribution had occurred at all, which Defendants maintain it has not.

3234764.3

1   Defendants therefore intend to conduct discovery regarding the facts and

2   circumstances surrounding Plaintiff's purported acquisition of the distribution rights

3   to the 267 songs so implicated.  Plaintiff has indicated that it will seek a protective

4   order to prevent that deposition from proceeding.  (Yoo Decl. ¶ 5.)

5         Moreover, there is significant non-party discovery that needs to be completed

6   prior to the current February 1 critical date.  For instance, Plaintiff has noticed a

7   deposition for Beats Music's 30(b)(6) witness, which is set for January 28.  Plaintiff

8   has further noticed a deposition by written questions of a witness from the

9   International Federation of the Phonographic Industry (IFPI) sitting in Shanghai,

10  China.  (*Id.* ¶ 8.)  Defendants' cross-questions are to be submitted by January 25,

11  with re-direct questions due 7 days thereafter, and re-cross questions due 7 days

12  after that.  Fed. R. Civ. P. 31.  Put differently, it is at best uncertain when this

13  discovery, which pertains to some of Plaintiff's core allegations—that Defendants

14  improperly manipulated ISRCs and in fact distributed music within the U.S.—will

15  be completed.  It will certainly be after February 1.  Additionally, Defendants are in

16  the process of seeking discovery from the non-party original rights holders, who are

17  located in Korea, through the Hague Convention.  This process will also take several

18  weeks to complete.

19        Furthermore, per this Court's earlier order, expert rebuttal reports are

20  presently due on February 1, and expert discovery will commence thereafter.  (Dkt.

21  No. 38.)  Two of the experts, Plaintiff's Mi Hwa Chung and Defendants' rebuttal

22  expert, both reside in Korea and their depositions would likely have to occur there.

23  (Yoo Decl. ¶ 3.)

24        In sum, the current schedule, including the February 1, 2016 deadline for the

25  parties to submit a joint exhibit list for trial,  does not allow sufficient time for

26  Defendants to complete and resolve all outstanding discovery issues, such as: (a)

27  Plaintiff's pending *ex parte* application to compel Defendants to produce the

28  entirety of computer code, scripts and commands for *mnet.com*, a collection effort

that would require review of databases in Korea; (b) obtaining trial testimony of several critical Korean-resident nonparty witnesses through the Hague Convention; (c) completing remaining fact and expert discovery; (d) whether Defendants will be permitted to take the deposition of Plaintiff's 30(b)(6) witness regarding the licenses to the songs concerning mnet.com.

Apart from the discovery issues that exist, Defendants request additional time to file dispositive motion(s) and mediate this matter prior to trial. As the Court has not yet set a cut-off date for motions and the default cutoff date per the Federal Rules of Civil Procedure post-dates the current trial date (i.e., March 1, 2016), Defendants request a continuance in order to have sufficient time in advance of trial to explore these avenues.

Finally, counsel for Defendants, Ekwan E. Rhow and Timothy B. Yoo, have a conflicting trial set to commence on March 9, 2015 in another case, which has been pending over five years in Los Angeles Superior Court. While the parties in that case had hopes of resolving the dispute, recent events confirm that this trial will proceed.

The requested relief for exclusion and continuance should be granted on *ex parte* basis because, given the February 1, 2016 deadline, there is not enough time for Defendants to seek relief on a regularly noticed motion. For these reasons and for those listed below, Defendants' *ex parte* application should be granted in its entirety.

## II.   ARGUMENT

### A.   Good Cause Exists To Continue The Trial Date.

As set forth below, Defendants have good cause for requesting a continuance of the pre-trial conference and trial dates, and their request for *ex parte* relief is warranted under applicable law.

#### 1.   More Time Is Needed To Complete Fact Discovery.

Foremost, the parties simply need more time to complete fact discovery.

Again, as it currently stands, the deadline for submitting a joint exhibit list is February 1, and the parties have contemplated exchanging proposed exhibits on January 28, before the depositions of CJ E&M Corporation and Plaintiff's 30(b)(6) witnesses have been completed (and in the case of the latter, scheduled for a date certain), and well before expert discovery has even commenced.

Furthermore, potentially important non-party discovery remains outstanding, and it is dubious whether it will be completed by the date of the current trial, much less by the critical February 1 date. This includes deposition testimony from the IFPI regarding alleged simulations that it ran showing that overseas access to music on the mnet.com website was possible, as well as its policies and practices regarding ISRCs, the alleged manipulation of which is one of the central allegations in this lawsuit. It also includes, as discussed further below, non-party discovery from witnesses residing in Korea.

> ## 2.   The Parties Require More Time To Resolve Outstanding Discovery Disputes.

On January 15, 2016,  Plaintiff moved *ex parte* to compel Defendants to produce the entirety of the computer code, scripts and commands for mnet.com. (Dkt. No. 59.)  By way of its *ex parte* application, Plaintiff seeks to obtain a vast amount of data that are scattered across 500 servers housed in multiple locations in Korea.  This is despite the fact that Defendants have produced relevant categories of data requested and even offered to allow Plaintiff's retained expert to visit Defendant's facility in Seoul to assist his analysis concerning the mnet.com source code.  *See* Declaration of Timothy Yoo (Dkt. No. 60-2).  As explained in the Declaration of Young-Rock Pyo, concurrently filed with Defendant's opposition to Plaintiff's application, it would take *at minimum* one month for a team of 18 CJ E&M employees to gather, process and produce the requested data to Plaintiff. (Dkt. No. 60-3.)  Therefore, Plaintiff's request that the Court order Defendants to produce all versions of source code, scripts and commands for mnet.com *within*

4

1    *three days* of the Court's order granting their application is patently unreasonable.

2    (Dkt. No. 59.)

3         Besides the objections raised by Defendants that the information being sought

4    by Plaintiff is exceedingly disproportionate to the need of discovery and imposes

5    undue burden on Defendants, the Court should not ignore the uncontroverted fact

6    that it will take at least one month for Defendants to be able to produce the

7    requested data.  Upon notice of Plaintiff's application, Defendants have commenced

8    the process of identifying data and employees who are available for this task to

9    prepare for the event that the Magistrate Judge would grant Plaintiff's application.

10   Even if Plaintiff prevails on its application, however, the reality dictates that

11   Defendants need at least a month to gather pertinent data from 500 servers in Korea

12   and process them for production.

13        At no fault of Defendants, this timeline goes well beyond the current deadline

14   of February 1, 2016 per Local Rule 16-6.1, which requires the parties to file a joint

15   exhibit list containing the information required by Rule 26(a)(3)(A)(iii) not later

16   than 21 days before the pre-trial conference.  Further, the Court's standing order

17   clearly requires the parties to resolve all discovery disputes before the Magistrate

18   Judge not later than 3 weeks prior to the scheduled trial date, i.e., by February 9,

19   2016.  *See* the Court's New Case Order (Dkt. No. 8).  The fact that Defendants

20   cannot realistically meet these deadlines to effectuate the requested production itself

21   warrants continuance of the pre-trial conference and trial date.

22        **3.    Korea-Facing Discovery Through The Hague Convention**
          **Requires More Time.**

23        Defendants' request for continuance is further justified by the fact that the

24   non-party witnesses from whom critical trial testimony is needed reside in Korea

25   and Defendants are in process of initiating the Hague Convention process to do so.

26   (Yoo Decl. ¶ 7.)  The non-party witnesses essential to resolving this dispute and to

27   rebutting the testimony of Plaintiff's expert and fact witnesses are witnesses: (1)

28

affiliated with Sha Label; (2) affiliated with Neowiz and Buda Records; and (3) witnesses affiliated with the companies who Plaintiff claim have granted rights to DFSB concerning the 267 songs at issue, which were allegedly distributed through mnet.com by defendant CJ E&M.  (*Id.*)

Since they are all foreign nationals, as opposed to U.S. citizens or residents, they are beyond the inherent subpoena power of this Court.  *See* 28 U.S.C. § 1783. Under the Hague Evidence Convention, the time for execution of a Letter of Request (for instance, for testimony to be used at trial) to Korea's National Court Administration is estimated to take at least several weeks from receipt.[2]  Further, each Letter of Request and supporting documents will have to be translated from English to Korean, which will require further lead time.  In sum, the process by which the parties must try to obtain evidence from critical non-parties out of their control requires time, and the current trial schedule does not allow enough time for either party to effectuate discovery under the Hague Convention.

For the aforementioned 267 songs, Defendants have not conceded that they lacked the appropriate distribution rights and therefore will seek discovery from the rights holders that purported to grant "exclusive" rights to DFSB in December 2014, including about the circumstances under which those rights were purportedly granted.  This will likely entail witnesses from over a dozen different companies all located in Korea.  (*Id.*)  Counsel for Defendants are currently working on drafting papers to submit Letters of Request to the National Court Administration in Korea and expect to file the papers within a few days.  (*Id.*)

Based on the foregoing reasons, Defendants respectfully request the Court to grant them further time to conduct the Korea-facing discovery of non-party witnesses by way of continuing the pre-trial conference and trial date.

---

[2]  *Republic of Korea – Central Authority*, https://www.hcch.net/en/states/authorities/detai ls3/?aid=846

### 4.    The Parties' Desire To Mediate And Defense Counsel's Scheduling Conflict Further Warrant A Continuance.

The parties have only recently discussed the possibility of trying to resolve the dispute through mediation.  (Yoo Decl., ¶ 9.)  This is primarily because depositions, through no fault of Defendants, had not occurred until December 2015.  (*Id.* ¶ 6.)  Defendants remain willing to mediate the dispute and respectfully request the Court to grant the parties more time to arrange and participate in a mediation.

Moreover, counsel for Defendants, Ekwan E. Rhow and Timothy B. Yoo, are lead counsel for another case pending at the Los Angeles Superior Court.  (*Id.* ¶ 10.) Trial by the Superior Court judge is set to commence on March 9, 2016, only 8 days after the first day of trial in this case as currently scheduled.  This Superior Court case has been pending over five years and was set to go to trial on August 18, 2015. Days before trial, the parties agreed to continue witness testimony and set a briefing schedule so that the court in that lawsuit had the benefit of the parties' submissions in advance of testimony.  Concurrently, the judge in that action, the Honorable John Shepherd Wiley, set a March 9, 2016 trial date.  (*Id.*)  Recent events, including the death of an expert, has confirmed that Plaintiffs will not agree to a continuance of the lawsuit.  And considering the time passed and the number of continuances granted, there is no possibility that the trial date will be continued in the Superior Court case.  (*Id.*)

Thus, without the Court allowing a continuance, proceedings in both cases will most likely overlap in time, and Messrs. Rhow and Yoo will be facing the unenviable task of having to prepare for two trials in virtually the same time span.

### B.    Ex Parte Relief Is Appropriate.

An ex parte application may be granted upon a showing of irreparable harm and that the moving party is without fault in creating reasons that require ex parte relief.  *Mission Power Engineering Co.*, 883 F. Supp. at 492.  Here, it is self-evident Defendants will be irreparably prejudiced if its application to continue is not heard

7

on an ex parte basis, particularly given the February 1, 2016 deadline in this case.  It is also critical that this *ex parte* application be concurrently decided with Defendants' motion to dismiss on January 25, 2016, because if the Court grants the motion, this *ex parte* application will become moot; but if the Court denies the motion, the relief requested in this application becomes even more critical as the parties are about to commence critical Korea-facing discovery process at a great cost and traveling time to both sides.

Moreover, Defendants acted in good faith and in a timely manner in bringing this application.  As explained in the preceding paragraphs, the reasons warranting continuance were not created by Defendants.  Indeed, Defendants have no history of delaying matters or using dilatory trial tactics.

Further, Plaintiff will not suffer prejudice if the order issues.  While Plaintiff's counsel may suffer some inconvenience in rearranging schedules for a new trial date, minor inconvenience does not amount to prejudice, and Defendants have no objection to scheduling the continued trial for a time convenient to Plaintiff and its counsel.

Finally, Defendants have complied with the procedural requirements of Local Rule 7-19.1.  As set forth in the Declaration of Timothy B. Yoo, on January 7, 2016, Plaintiff's counsel communicated to Defendants' counsel that they will not stipulate to any continuance of trial.  On January 20, 2016 at approximately 1:40 p.m., Defendants' counsel notified Plaintiff's counsel via telephone about the date and substance of the *ex parte* application.  (Yoo Decl. ¶ 11.)  Plaintiff's counsel did not agree to join this request for relief.

Accordingly, ex parte relief is appropriate.

/ / /

/ / /

/ / /

/ / /

3234764.3

8

**III.    CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court issue an order continuing the pre-trial conference and trial date.


DATED:  January 21, 2016                    Respectfully submitted,

                                            Ekwan E. Rhow
                                            Timothy B. Yoo
                                            Bird, Marella, Boxer, Wolpert, Nessim,
                                            Drooks, Lincenberg & Rhow, P.C.


                                            By:        /s/ *Timothy Yoo*
                                                        Timothy B. Yoo
                                                    Attorneys for Defendants CJ E&M
                                                    Corporation and CJ E&M America, Inc.