1  BROWNE GEORGE ROSS LLP
   Keith J. Wesley (State Bar No. 229276)
2      kwesley@bgrfirm.com
   Jonathan L. Gottfried (State Bar No. 282301)
3      jgottfried@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Tel 310.274.7100 – Fax 310.275.5697
5
   LIM, RUGER & KIM, LLP
6  Bryan K. Sheldon (State Bar No. 116219)
       bryan.sheldon@limruger.com
7  Lisa J. Yang (State Bar No. 208971)
       lisa.yang@limruger.com
8  1055 W. Seventh Street, Suite 2800
   Los Angeles, California 90017
9  Tel 213.955.9500 – Fax 213.955.9511

10 Attorneys for Plaintiff
   DFSB Kollective Co. Ltd.
11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

| 15 | DFSB KOLLECTIVE CO. LTD., a Korean corporation, | Case No. 2:15-cv-01650-SVW-FFM<br>Assigned to The Hon. Stephen V. Wilson |
|----|---|---|
| 16 | Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER TO CONTINUE PRE-TRIAL CONFERENCE AND CONFERENCE DATE** |
| 17 | vs. | |
| 18 | CJ E&M, INC., a Korean corporation; CJ E&M AMERICA, INC., a California corporation, | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | Date Action Filed: March 6, 2015<br>Jury Trial Date: March 1, 2016 |

598132.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

At the outset of this case, the Court made clear that it:

> strives to set trial dates as early as possible and does not approve of unnecessarily protracted discovery.... Continuances are granted only upon a showing of good cause, particularly focusing upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance....The Court sets <u>firm</u> trial dates and will not change them without good cause having been shown.

(Dkt. No. 8 ¶¶ 6-7 (emphasis in original)) Since July, defendants have been aware of the trial date of March 1. (Dkt. No. 32)

Nonetheless, defendants' last-minute request for a trial continuance fails to satisfy the Court's standard, and their application is built upon a series of misrepresentations and omissions, as demonstrated below:

| Defendants' Argument | Reality |
|---|---|
| Trial should be postponed because defendants are now beginning to draft Letters of Request via the Hague Convention upon third-party witnesses that will require several weeks. | Defendants identified the third-party witnesses as relevant to this case in April 2015 and—in the intervening eight months—made no effort to conduct any discovery via the Hague Convention. Defendants waited until six weeks before trial to begin drafting the Letters of Request. |
| Trial should be postponed because defendants need to respond to the report by plaintiff's expert, which "spans hundreds of pages." | The report by plaintiff's expert is nineteen pages. |
| Trial should be postponed because defense counsel has another trial "set to commence on March 9, 2015." | That trial is a "short cause" court trial (*i.e.*, it will last a maximum of five hours). There is no reason why all defense counsel in this case must be simultaneously present in that other case. Furthermore, there is no indication that this trial will last more than 3-4 days and therefore conflict with a trial on March |

|  | 9. |
|---|---|
| Trial should be postponed because the parties have only "recently" discussed mediation. | Plaintiff's counsel raised mediation seven months ago (in July 2015) and repeatedly since then. Additional time is not the issue. |
| Trial should be postponed because defendants have not had time to depose plaintiff as a 30(b)(6) witness. | Defendants waited until two days ago (January 20) to notice a 30(b)(6) deposition of plaintiff—a small company with a handful of employees. There is no excuse for defendants' delay. Furthermore, defendants have already deposed plaintiff's president for almost seven hours, and plaintiff has agreed to adopt his testimony. |
| Trial should be postponed because plaintiff is depositing defendants' witnesses next week. | Plaintiff noticed these depositions in October 2015, and defendants have repeatedly postponed producing these witnesses. Defendants now seek to use their dilatory tactics to postpone trial. |
| Trial should be postponed because written deposition questions on a third party (IFPI) will not be finalized for weeks to come. | The written deposition questions should be completed on Monday, January 25. |
| Trial should be postponed because defendants recently learned that there is a dispute over whether DFSB or defendants own rights to the songs at issue that were distributed via mnet.com | There is nothing recent about this dispute. In its Complaint from March 2015, plaintiff alleged that it had the U.S. distribution rights to the songs at issue that were distributed via mnet.com. In their answer, defendants denied this. |
| Trial should be postponed because defendants cannot produce source code in a reasonable period of time. | Defendants recently offered to produce this source code at the end of January. Moreover, plaintiff requested this source code in September 2015, and defendants' dilatory tactics have resulted in two motions to compel. |
| Trial should be postponed because | Nothing prevented defense counsel from |

598132.1

-2-

| | |
|---|---|
| defense counsel did not have time to file dispositive motions. | filing a dispositive motion in the past several months. Under Federal Rule of Civil Procedure 56, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." |

Defendants' strategy is clear. As a powerful Korean conglomerate (*chaebol*), defendants seek to bully and bury plaintiff with delays and costly maneuvers in order to avoid a resolution of this case on the merits. All parties have had the same amount of time to prepare for trial, and defendants have had vastly more resources. Defendants' motion is the result of their own lack of diligence.

## II.   ARGUMENT

### A.   Defendants' Misrepresentation/Omission No. 1: The Trial Should Be Postponed Because Additional Discovery Is Necessary Through the Hague Convention.

Defendants argue that the trial should be continued because they need to serve Letters of Request through the Hague Convention on: (1) Neowiz Internet, (2) Sha Label and Buda Records,[1] and (3) witnesses affiliated with companies who originally held rights to the songs at issue. (Defs.' Appl. at 5:24-6:14) According to defense counsel, they "are currently working on drafting papers to submit Letters of Request." (Yoo Decl. ¶ 7)

Defendants omit to mention that in their first motion to dismiss filed in April 2015, defendants identified as relevant witnesses in Korea "the artists, the artists' management companies" and "other third part[ies] who originally held the rights" to the songs at issue. (Dkt. No. 13:20-24) In their briefs, the parties attached relevant licenses from Sha Label, Neowiz Internet and Buda Records. (Dkt. No. 13-5 at Ex.

---

[1] Sha Label and Buda Records are management companies that licensed certain of the rights at issue.

11) Defendants provide no explanation as to why it took them nine months (and six weeks before trial) to begin drafting Letters of Request to any of these entities or individuals.[2] It is no secret—as defendants acknowledge—that discovery through the Hague Convention "take[s] several weeks to complete." (Defs.' App. at 2:15-17) Nothing prevented defendants from pursuing this discovery earlier.[3] The trial should not be continued because of defendants' lack of diligence.

### B. Defendants' Misrepresentation/Omission No. 2: The Trial Should Be Postponed Because Plaintiff Served an Expert Reports that "Spans Hundreds of Pages."

Defendants argue that trial should be postponed because plaintiff's expert—Mi Hwa Chung—wrote a really long report. (Defs.' App. at p. 2 of Notice) Defendant oddly claims that the report "spans hundreds of pages." *Id.* It is actually nineteen pages. (Ex. 1)[4] Moreover, given that the parties stipulated to the timeframe for expert discovery (Dkt. No. 35), defendants' objections ring hollow.

### C. Defendants' Misrepresentation/Omission No. 3: The Trial Must Be Continued Because the Parties Have Not Had Time to Mediate.

Defendants assert that the trial should be postponed because "[t]he parties

---

[2] In addition, "Neowiz Internet" was identified in plaintiff's Complaint filed in March 2015. (Dkt. No. 1 ¶ 28) In their Initial Disclosures from July 2015, defendants identified "[i]ndividuals associated with Neowiz Internet" as relevant to this dispute. (Ex. 2) In their Supplemental Initial Disclosures, defendants identified "[i]ndividuals associated with Sha Label" as possessing information relevant to this dispute. (Ex. 3) All of the entities that defendants have only begun to seek discovery on have been known to the parties for several months.

[3] It should also be noted that defendants are presenting contradictory arguments to the Court in their various motions. A few weeks ago, defendants filed a brief with the Court in which they argued that this case should be dismissed because they "cannot compel…pre-trial evidence from him [Sha Label] through the Hague Evidence Convention." (Dkt. No. 43 at 16:3-6) Now defendants are arguing that trial should be postponed so that they can compel evidence through the Hague Evidence Convention. Which position do defendants believe?

[4] Unless otherwise indicated, all exhibits are attached to the accompanying Declaration of Jonathan Gottfried ("Gottfried Decl.").

have only recently discussed the possibility of trying to resolve the dispute through mediation." (Defs.' App. at 7:2-3) In fact, plaintiff's counsel discussed mediation with defense counsel seven months ago—in July 2015. (Ex. 4) Since then, plaintiff's counsel has repeatedly proposed mediators and dates to defense counsel. (Gottfried Decl. ¶ 5) Defendants now claim that they need "more time to arrange and participate in a mediation." (Defs.' App. at 7:5-7) If seven months have been inadequate, then there is no reason to believe that two more months will make a difference.

### D. Defendants' Misrepresentation/Omission No. 4: The Trial Should Be Postponed to Allow Defendants to Take the 30(b)(6) Deposition of Plaintiff.

Defendants argue that the trial should be continued so that they can take the 30(b)(6) deposition of plaintiff. (Defs.' App. at 1:11-13) Defendants neglect to mention that they did not serve a notice of deposition until two days ago—January 20. (Ex. 5) Defendants waited nine months after the Complaint was filed—and six weeks before trial—before seeking to depose plaintiff. Defendants do not offer an explanation for their delay. They cannot reasonably claim that they did not think that the plaintiff was relevant to this dispute.

To be fair, defendants deposed months ago (for almost seven hours) the president (Bernie Cho) of plaintiff DFSB, which is a small company with a handful of employees. Defendants now seek to postpone the trial so that they can re-depose Mr. Cho on the same topics on which he was previously deposed, but now under the guise of a 30(b)(6)—even though plaintiff DFSB has offered to adopt the testimony of Mr. Cho. (Gottfried Decl. ¶ 7) Defendants' effort to take a second bite at the apple is improper.[5] In any event, defendants' claim that the trial should be

---

[5] *See Bison Advisors LLC v. Kessler,* No. CIV. 14-3121 DSD/SER, 2015 WL 4509158, at *2 (D. Minn. July 24, 2015) ("[A] separate deposition of a closely held corporation may not be appropriate where the testimony of the corporate (footnote continued)

postponed because they have now decided—shortly before trial—that a 30(b)(6) is useful is untimely.

### E. Defendants' Misrepresentation/Omission No. 5: The Trial Should Be Postponed Because Plaintiff Is Deposing Defendants' 30(b)(6) Witnesses Next Week.

Defendants argue that the trial should be postponed because plaintiff is deposing defense witnesses next week. (Defs.' App. at 1:9-11) Defendants neglect to mention that plaintiff noticed these depositions in October 2015. (Ex. 6) Defense counsel has postponed these depositions until the end of January. Defendants should not be allowed to manufacture an excuse to postpone trial. Moreover, it is unclear why defendants would ask that trial be postponed based on their withholding of witnesses since there is no prejudice to them.[6]

### F. Defendants' Misrepresentation/Omission No. 6: The Trial Should Be Postponed Because a Third Party (IFPI) Is Providing a Deposition by Written Questions.

Defendants argue that the trial should be postponed because a third party (IFPI) is providing a deposition by written questions, and defendants' cross-questions are due on Monday (January 25). (Defs.' App. at 2:8-12) While that is accurate, defendants then claim that plaintiff will submit re-direct questions—followed by defendants' re-cross questions—that will consumer an additional two

---

representative would be identical to the testimony given in his or her individual capacity."); *Sabre v. First Dominion Capital, LLC,* No. 01–2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition.").

[6] Defendants *ex parte* application suggests that they will attempt to postpone these depositions further if the Court continues trial. (Defs.' App. at 8:5-6 (stating that the Court should promptly decide this motion because "Korea-facing discovery" is about to commence and will be costly)). That is further evidence that defendants' motive in pursuing this motion is merely delay.

weeks. *Id.* That is misleading since there is no requirement for plaintiff to submit re-direct questions. Plaintiff can submit the parties' questions to the third party once defendants have completed their cross-questions by January 25; and the written responses will be received well before trial.

### G. Defendants' Misrepresentation/Omission No. 7: The Trial Should Be Postponed Because Plaintiff Has Recently "Injected into This Dispute the Question of Who Owned the Underlying Distribution Rights" to Songs Distributed Via Mnet.Com.

Defendants make the baffling argument that they need additional time to conduct discovery because they only recently learned that the license for songs distributed via mnet.com is at issue in this case. (Defs.' App. at 1:22-24) But the Complaint, filed in March 2015, stated that:

> [T]hrough Mnet, CJ E&M has made available in the United States for sale and/or sold to people within the United States over 300 works, including but not necessarily limited to those listed in Exhibit 1. Neither CJ E&M nor CJ E&M America has rights to distribute these works to consumers in the United States.

(Dkt. No. 1 ¶¶ 37-38) The Complaint further stated that—in contrast to defendants—DFSB has the exclusive rights to distribute these songs in the United States. *Id.* ¶¶ 13 & 15. In their Answers, defendants denied these allegations. (Dkt. Nos. 26 & 27 ¶¶ 13 & 15, 37-38) There is nothing novel about plaintiff's allegation and no reason to postpone trial because of it.[7]

---

[7] In fact, defendants acknowledge that they were aware of this allegation and were trying to build a defense to it: that songs were not available in the United State to mnet.com because defendants blocked IP addresses outside of Korea. (Defs.' App. at 1 n.1) Discovery has undermined defendants' argument. Plaintiff's computer expert has "uncovered numerous instances in which IP addresses located outside of Korea are not blocked" on mnet.com. (Dkt. No. 50-6 ¶ 4) Furthermore, additional discovery has uncovered that CJ E&M processed at least 170 transactions with IP addresses outside of Korea during the relevant time frame. Defendants' weak defenses do not justify postponing trial.

### H. Defendants' Misrepresentation/Omission No. 8: The Trial Should Be Postponed Because Defendants Cannot Produce Source Code in a Reasonable Period of Time.

Defendants argue that trial must be continued because it will take them a month to produce the source code for a website. (Defs.' App. at 4:22-5:13) Defendants neglect to mention that plaintiff requested this discovery in September 2015. (Ex. 7) For months, defendants have delayed producing it, which has resulted in two motions to compel. (Dkt. Nos. 51/52, 59) Furthermore, defendants neglect to mention that they offered to produce this source code to plaintiff next week. (Ex. 8 (email from defense counsel to plaintiff's counsel: "One alternative option that I have proposed to the client is to have the source code from its various sources uploaded to a local laptop and then have that laptop housed at Bird Marella, whereby your expert can arrange a time for him or his assistants to come review it. We could pick up the laptop when we go to Korea for depositions....")). Again, defendants are manufacturing delays in order to postpone trial. Furthermore, it is odd for defendants to claim that they need more time to prepare for trial because they are somehow prejudiced by their own withholding of discovery.

### I. Defendants' Misrepresentation/Omission No. 9: The Trial Must Be Continued Because of Defense Counsel's "Conflicting Trial Schedule Set to Commence on March 9, 2015 in Los Angeles Superior Court in Case No. BC450305."

Defense counsel claims that they learned in August 2015 of a trial date on March 9, 2015 in Los Angeles Superior Court (BC450305). (Defs.' App. at 7:8-19) There are three reasons why this other trial does not justify delaying plaintiff's trial. *First*, defense counsel omits a salient detail: this is a "short cause" court trial (Ex. 9), which means that it will last a maximum of five hours. *See* California Rule of Court 3.735 ("A short cause case is a civil case in which the time estimated for trial by all parties or the court is five hours or less."). Defendants misleadingly suggest that the trial will commence on March 9 and continue for days. To the contrary, the trial will be begin and end on March 9. *Second*, defense counsel offers

598132.1

-8-

PLAINTIFF'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER CONTINUE PRE-TRIAL CONFERENCE AND CONFERENCE DATE

no reason why all lawyers in this case must also be present during the short cause court trial. Defense counsel have several lawyers working on this case and—based on the docket—on the short cause trial. All defense counsel in both cases need not be present in the courtrooms at all times. *Third*, defendants assume that plaintiff's trial—which is set to begin on March 1—will continue for over a week. Plaintiff estimates that any trial will be done in 3-4 days. Consequently, defense counsel could participate in this trial and its "short cause" trial on March 9. *Fourth*, there are reasons to doubt defense counsel's claim of an urgent conflict. Since learning of their short cause trial five months ago (in August 2015), defense counsel never raised this conflict with the Court until now. If the conflict were real and urgent, then defense counsel would have sought relief earlier.

### J. Defendants' Misrepresentation/Omission No. 10: The Trial Must Be Continued Because Defense Counsel Did Not Have Time to File Dispositive Motions.

Defendants argue that trial should be postponed because "the Court has not yet set a motion cut-off" and they want to file "dispositive motions." (Defs.' App. at 3:6-11) But under Federal Rule of Civil Procedure 56, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." What have defendants been waiting for? Furthermore, it is dilatory for defendants to raise this issue for the first time six weeks before trial.

## III. CONCLUSION

The Court should deny defendants' *ex parte* application to continue the pre-trial conference and trial because defendants have not demonstrated good cause—particularly evidence of diligent work by defendants.

Dated: January 22, 2016

Respectfully submitted,

BROWNE GEORGE ROSS LLP

LIM. RUGER & KIM. LLP

By    /s/ Jonathan Gottfried

Attorneys for Plaintiff DFSB Kollective Co. Ltd.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On January 22, 2016, I served true copies of the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO CONTINUE PRE-TRIAL CONFERENCE AND CONFERENCE DATE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 22, 2016, at Los Angeles, California.

/s/ Kathy Hall
Kathy Hall

598132.1

## SERVICE LIST

### *DFSB KOLLECTIVE, CO. LTD., v. CJ E&M, INC., et al.*
### USDC Case No. 2:15-cv-01650-SVW-FFM

| | |
|---|---|
| Ekwan E. Rhow<br>Timothy B. Yoo<br>BIRD, MARELLA, BOXER, WOLPERT,<br>  NESSIM, DROOKS, LINCENBERG &<br>  RHOW, P.C<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile: (310) 201-2110<br>eer@birdmarella.com<br>tbv@birdmarella.com | Attorneys for Defendants<br>CJ E&M, Inc. and<br>CJ E&M America, Inc. |

598132.1